Brennan *v.* Smith, Secretary of the Department of Labor and Industry, et al.

Argued June 7, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*W. J. Krencewicz,* for plaintiff.

*Herbert S. Cohen,* Assistant Attorney General, with him *Charles S. Solit,* General Counsel, and *J. Shane Creamer,* Attorney General, for defendants.

OPINION BY JUDGE CRUMLISH, JR., September 7, 1972:

Plaintiff, Brennan, was appointed hearing stenographer by the Secretary of Labor and Industry in April of 1964 and served in that capacity until February 23, 1972 when she was notified of her dismissal by letter from her superior, Joseph Marino, effective February 29, 1972. The stated reason was reorganization of the Department of Labor and Industry.

On March 13, 1972, plaintiff filed a Complaint in Equity asking reinstatement and compensatory and punitive damages against the defendant Marino, Depu-

ty Secretary of the Department. The complaint alleges that he was not authorized by the Secretary to dismiss the plaintiff; that he has no authority, under the aegis of his office, to dismiss the plaintiff; that there was in fact no reorganization of the Department; and finally that the dismissal violated plaintiff's rights under the Public Employe Relations Act.[1]

The Commonwealth filed preliminary objections consisting, *inter alia,* of a demurrer, alleging that the complaint failed to state a cause of action; a petition raising a question of jurisdiction; and a motion to strike because of scandalous and impertinent matter.

The first preliminary objection filed to plaintiff's complaint is captioned "DEMURRER TO PLAINTIFF'S COMPLAINT" and states: "Plaintiff's complaint fails to state a cause of action against the defendants." This demurrer must be dismissed. Its generality violates Rule 1028(a) of the Pennsylvania Rules of Civil Procedure which provides that "[p]reliminary objections shall state specifically the grounds relied upon."[2] Under this rule, it is not enough merely to object generally to the complaint by contending that it fails to set forth a cause of action. The objection must set forth specific reasons why the complaint is inadequate. *See Dillon v. Evans,* 69 D. & C. 430 (1949); 29 Pennsylvania Law Encyclopedia, Pleadings §123. In 2A Anderson, Pa. Civil Practice §1028.1(a), 497, it is stated "a preliminary objection in the nature of a demurrer is itself insufficient when it merely states that a pleading is insufficient and raises no issue or does not set forth a cause of action." *See also Thomas v. Osborn,* 38 D. & C. 2d 431, 432 (1965).

---

[1] Act of July 23, 1970, P. L. 563, No. 195, Art. VII, §706, 43 P.S. §1101.706.

[2] Rule 1017(6)(4) of Pa. R. C. P. creates the demurrer as one of the preliminary objections.

The arguments made by the defendants in support of the demurrer, both orally and in their brief, must be ignored by us since they violate the rule against "speaking demurrers." We know from the hornbook that defendant in support of a demurrer cannot, by brief, aver nor can a court consider, the existence of facts not on the record. *Linda Coal and Supply Company v. Tasa Coal Company,* 416 Pa. 97, 102, 204 A. 2d 451 (1964); *Detweiler v. Hatfield Borough School District,* 376 Pa. 555, 558, 104 A. 2d 110 (1954). The plaintiff has objected to the procedure followed by the defendants here, *see Thomas, supra,* and we agree that the preliminary objection in the nature of a demurrer should be dismissed.[3]

Defendants, through preliminary objections, also assert that there was no violation of Section 706 of the Public Employes Relations Act[4] and that even if there were violations this alleged violation is not properly before this Court. We agree that the plaintiff's reliance upon Section 706 as the basis for a cause of action is misplaced.

Section 706 of that Act provides: "Nothing contained in this act shall impair the employer's right to hire employees or to discharge employes for just cause consistent with existing legislation." This section cannot, in itself, be the basis of a cause of action but only affirms the right of the Commonwealth to discharge employees as long as their employment rights as pro-

---

[3] The contention, not here raised, that plaintiff addressed herself to the specifics of defendants' demurrer in the brief and upon argument and therefore the specifics should be considered is not viable. In alluding to the various specifics of the demurrer as presented in defendants' brief and argument, the plaintiff's objective was to point out the violation of the rule against speaking demurrers.

[4] Act of July 23, 1970, P. L. 563, No. 195, Art. VII, §706, 43 P.S. §1101.706.

tected by the provisions of other sections of the Act are not violated.

The preliminary objections with respect to Counts Eleven and Twelve are sustained.

Defendants further contend that this is a charge of unfair labor practice and therefore must be brought initially before the Pennsylvania Labor Relations Board. Section 1301 of the Public Employes Relations Act, 43 P.S. §1101.1301 confers exclusive jurisdiction upon the Pennsylvania Labor Relations Board (Board) to "prevent any person from engaging in any unfair practice listed in Article XII of this act." Article XII of the act lists unfair practices by public employers which are prohibited. Defendants contend that plaintiff's complaint can be included under numbers 1 and 3 of the prohibited acts, 43 P.S. §1101.1201 (a) (1) and (3), which provide that "public employers, their agents or representatives are prohibited from: (1) Interfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act . . . (3) Discriminating in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any employe organization."

Article IV, subsection (a) (1) deals with employe rights with respect to organizing and bargaining collectively. Subsection (a) (3) deals with employer attempts to influence employe membership in any organization. Thus this complaint cannot properly be considered to be covered by those, or any other, subsections of Article XII. Since the practices alleged here are not among those enumerated for exclusive jurisdiction purposes in Article XII, the issue is properly before us.

Defendants' parting objection is that the complaint avers scandalous and impertinent matter. Defendants

specifically point to the allegations that charge defendant Marino with knowingly stating a false and fraudulent reason for plaintiff's dismissal with intent to deprive her of employment, compensation and statutory rights.

Plaintiff, by seeking an award of damages has the burden of establishing that the order of dismissal was founded in malice. Accordingly, the allegations of "false and fraudulent" are appropriate to the proof of the cause of action and are not scandalous or impertinent. Accordingly, we issue the following

### ORDER

AND NOW, this 7th day of September, 1972, the preliminary objections of the defendants with respect to Counts Eleven and Twelve of the Complaint are sustained; the remaining preliminary objections of the defendants are hereby dismissed. Defendants are hereby directed to file an answer within twenty days hereof.