City of Philadelphia *v.* Edward Konopacki,
Appellant.
City of Philadelphia *v.* George Martin,
Appellant.

Argued October 8, 1976, before President Judge Bowman and Judges Crumlish, Jr. and Wilkinson, Jr., sitting as a panel of three.

*Kenneth E. Aaron,* with him *Astor & Weiss,* for appellants.

*Stewart M. Weintraub,* Assistant City Solicitor, with him *Albert J. Persichetti,* Deputy City Solicitor, *Stephen Arinson,* Chief Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

Opinion by Judge Wilkinson, October 29, 1976:

Appellants appeal the dismissal of preliminary objections alleging that the Philadelphia County Court of Common Pleas lacked subject matter jurisdiction over appellee's action to enforce a tax ordinance. We affirm.

Appellee has had since 1939 an ordinance which imposes a tax on all compensation earned within the city and provides penalties for violations thereof.[1] Appellants, non-residents of appellee, were employed between 1969 and 1973 at the United States Naval Shipyard on League Island, an area ceded to the Federal Government by the Commonwealth but within appellee's borders. Appellee brought actions against appellants in municipal court alleging violations of the tax ordinance during those years and seeking imposition of fines. Upon judgment, appellants appealed to the Philadelphia County Court of Common Pleas from which these appeals were taken.

Because the Commonwealth ceded the place of appellants' employment reserving only powers irrelevant here,[2] appellants are subject to appellee's ordinance only to the extent that the Federal Government has receded taxing powers to the Commonwealth and political subdivisions therein. *Kiker v. City of Philadelphia*, 346 Pa. 624, 628, 31 A.2d 289, 292, *cert. denied*, 320 U.S. 741 (1943). The Buck Act provides:[3]

(a) No person shall be relieved from liability from any income tax levied by any State, or by any duly constituted taxing authority therein, having jurisdiction to levy such a tax, by reason of his residing within a Federal area or receiving income from transactions occurring or services performed in such area; and such State or taxing authority shall have full jurisdiction and power to levy and collect such tax in any Federal area within such State to the same extent and with the same effect as though such area was not a Federal area.

---

[1] PHILADELPHIA, PA., CODE §19-1500 et seq. (1973).

[2] Act of March 28, 1945, P.L. 91, *as amended*, 74 P.S. §120.46 et seq.

[3] 4 U.S.C. §106.

Appellee unquestionably has the power to "levy and collect" taxes on income earned within its borders, even by non-residents employed in a Federal area. *Non-Resident Taxpayers Association v. Municipality of Philadelphia*, 341 F. Supp. 1139, 1142 (D.N.J. 1971), *aff'd mem.*, 406 U.S. 951 (1972); *Kiker, supra* at 633, 31 A.2d at 294. Appellants contend, however, that the power to levy and collect does not include the power to *enforce* such levying and collecting and, therefore, the court below lacks jurisdiction to hear an action for enforcement. We disagree. Appellee's power to enforce this very ordinance against persons identical to appellants has been affirmed repeatedly. In *Philadelphia v. Cline*, 158 Pa. Superior Ct. 179, 184, 44 A.2d 610, 613 (1945), *cert. denied*, 328 U.S. 848 (1946), the Superior Court ruled:

> [T]he power of the city to impose the penalties here in issue is apparent beyond all peradventure if League Island is 'within the limits of such city' for tax purposes. That question was squarely decided adversely to appellants' position by the Supreme Court in Kiker v. Philadelphia [*supra*] and cannot be re-examined here.

*Accord, Application of Thompson*, 157 F. Supp. 93, 99 (E.D. Pa. 1957), *aff'd sub nom., United States ex rel. Thompson v. Lennox*, 258 F.2d 320 (3d Cir. 1958), *cert. denied*, 358 U.S. 931 (1959).

Appellants contend that *Cline, supra,* is not binding. They argue that the Superior Court never reviewed the question whether the Federal recession included the power to penalize violations and erroneously assumed that *Kiker, supra,* was dispositive on that issue. Again, we cannot agree. A careful reading of *Cline* reveals that it cited *Kiker* only to support the conclusion that League Island was within the city.

Appellants' next contention is that Congress did not intend to recede jurisdiction over enforcement. They cite a general limiting provision of the Buck Act.[4] However, the Act permits a city to levy and collect its tax within a Federal area "just as if it were not a federal area." *Howard v. Commissioners of the Sinking Fund,* 344 U.S. 624, 629 (1953). Since appellee can enforce the levying and collecting of its tax outside the Federal area, it is clear that it can enforce such levying and collecting within the Federal area as well.

Appellants' final contention is that this action should be considered a criminal action and, therefore, beyond the jurisdiction over criminal actions occurring upon a Federal area.[5] Once more we cannot agree. "It has been consistently held by the appellate courts of this State that prosecutions under municipal ordinances are civil, not criminal actions." *Philadelphia v. Home Agency, Inc.,* 4 Pa. Commonwealth Ct. 174, 176, 285 A.2d 196, 198 (1971). Appellants' cases to the contrary are inapposite.[6]

Accordingly, we will enter the following

## ORDER

Now, the 29th day of October, 1976, the order of the Philadelphia County Court of Common Pleas No.

---

[4] 4 U.S.C. §108 reads:

"The provisions of sections 105 to 110 of this title shall not for the purposes of any other provision of law be deemed to deprive the United States of exclusive jurisdiction over any Federal area over which it would otherwise have exclusive jurisdiction or to limit the jurisdiction of the United States over any Federal area."

[5] 18 U.S.C. §13.

[6] Appellants cite *In re Gault,* 387 U.S. 1 (1967) and *In re Winship,* 397 U.S. 358 (1970). The question in both was the extent of constitutional rights to be afforded a juvenile charged with criminal conduct.

4328X, dated November 20, 1975, dismissing the preliminary objections of defendant Edward Konopacki, is hereby affirmed.

---

### Amended Order

Now, the 4th day of November, 1976, the order of the Philadelphia County Court of Common Pleas No. 4328X, dated November 20, 1975, dismissing the preliminary objections of defendant Edward Konopacki, is hereby affirmed, and the order No. 4331x, dated February 2, 1976, dismissing the preliminary objections of defendant George Martin, is hereby affirmed.