John H. Lang, Appellant *v.* City of Philadelphia
et al.

Argued April 5, 1977, before President Judge Bow-
man and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Mencer, Rogers and Blatt.  Judge Kramer did
not participate in the decision.

*Kenneth E. Aaron*, with him *Davidson & Aaron*, for appellant.

*Stewart M. Weintraub*, Assistant City Solicitor, with him *Augustus L. Pasquarella*, Assistant City Solicitor, *Beryl E. Hoffman*, Deputy City Solicitor, *Stephen Arinson*, Chief Deputy City Solicitor, and *Sheldon L. Albert*, City Solicitor, for appellee.

OPINION BY JUDGE WILKINSON, JR., September 12, 1977:

This is an appeal from an order dismissing appellant's complaint in equity filed in the Court of Common Pleas of Philadelphia County challenging Philadelphia's taxation of income earned by nonresidents while working within the naval shipyard on League Island.[1] We affirm.

---

[1] Philadelphia, Pa. Code, §19-1500 et seq. (1973) is the ordinance applicable to such taxation.

Appellant is a resident of the State of New Jersey and is employed as a civilian at the federal enclave at the United States shipyard on League Island. On August 25, 1975, the appellant filed the complaint at issue. It challenged the Philadelphia tax on numerous constitutional grounds and requested that an injunction be issued to restrain the assessment and collection of the tax from appellant. The appellees responded by filing numerous preliminary objections to the complaint based upon a variety of grounds. Subsequent to written and oral argument by the parties on these objections, an order dated April 13, 1976 was issued by the lower court sustaining the objections in the nature of a demurrer and dismissing the complaint with prejudice.

Appellant's arguments on appeal may be grouped into three primary categories: (1) the demurrer fails to state specifically the ground it relied upon; (2) the doctrine of *stare decisis* was improperly applied; and (3) the appellant should have been permitted to amend his complaint. We do not find any of these arguments persuasive.

There is no dispute by the appellees that the demurrer sustained by the lower court was "general" in nature. Appellant correctly points out that Pa. R.C.P. No. 1028[2] states that a preliminary objection in the nature of a demurrer must state specifically the grounds it relies upon. However, at no time prior to this appeal did the appellant raise any argument as to the lack of specificity of the demurrer. Having failed to raise this question in the court below, it is too late to do so here.

On the merits, appellant first argues that the Philadelphia tax in question violates Article I, Section 8,

---

[2] Pa. R.C.P. No. 1028(a) reads:

(a) Preliminary objections shall state specifically the grounds relied upon.

Clause 17 of the United States Constitution. In adopting such a position, appellant would have us disregard the Pennsylvania Supreme Court decision in *Kiker v. Philadelphia*, 346 Pa. 624, 31 A.2d 289, *cert. denied*, 320 U.S. 741 (1943). Even if such were possible, it should be sufficiently clear from our recent decisions that we will not do so. *City of Philadelphia v. Kenny*, 28 Pa. Commonwealth Ct. 531, 369 A.2d 1343 (1977) (allocatur denied); *City of Philadelphia v. Konopacki*, 27 Pa. Commonwealth Ct. 391, 366 A.2d 608 (1976). The decision in *Kiker, supra,* is controlling on this issue.

Appellant next contends that his Fourteenth Amendment due-process rights are being violated by the taxation of his wages for the reason that he receives no benefit from Philadelphia. Again, *Kiker, supra,* is controlling.

Appellant argues that taxation of his wages is a violation of his due-process rights as a deprivation of property without legal recourse because he has no right to vote in Philadelphia. The decision of the Supreme Court of the United States in *Shaffer v. Carter*, 252 U.S. 37 (1920), makes it clear that a non-resident wage tax such as the one at issue is not violative of due-process rights.

Appellant advances the theory that the exemption of the earnings of members of the armed forces under the Philadelphia Code is constitutionally impermissible. This very provision was approved by our Superior Court in *Philadelphia v. Farrell*, 205 Pa. Superior Ct. 263, 209 A.2d 867 (1965). We agree that this is a valid classification.

Appellant argues that the Philadelphia tax in question places a chilling effect and burden on his interstate movement in violation of his constitutional right to travel. Appellant's argument is premised on the notion that the basis for the taxation of his wages

is his passage through the City of Philadelphia to the federal enclave. This contention ignores the holdings in both *Kiker, supra* and *Konopacki, supra,* which indicate that for purposes of taxation League Island is within the City of Philadelphia.

The final argument which appellant poses is that the lower court erred in failing to allow him to amend his complaint to state a proper cause of action where he alleged a policy of selective assessment and discriminatory enforcement of the tax by the taxing authority. The basic legal theory behind such an argument is that such actions would deny equal protection under the laws to the appellant. A necessary element of such a theory is that appellant demonstrate that the selective enforcement of the tax be intentional and based upon an unjustifiable and arbitrary standard. *Oyler v. Boles,* 368 U.S. 448 (1962). Appellant's complaint only makes the bare assertion that there is unlawful selective enforcement of the tax by the taxing authority. Such a statement, without more, is insufficient to state a proper cause of action.

The lower court properly sustained the appellees' preliminary objection in the nature of a demurrer. We affirm.

Accordingly, we will enter the following

## ORDER

AND Now, September 12, 1977, the order of the Court of Common Pleas of Philadelphia County at No. 3301 August Term, 1975, sustaining the preliminary objections of the appellee City of Philadelphia and dismissing the complaint of the appellant John H. Lang with prejudice, is hereby affirmed.

Judge KRAMER did not participate in the decision in this case.