445 A.2d 1273

**David SAMUELS T/A Middle Bucks Landscaping, Appellant,**

**v.**

**Edward N. HENDRICKS and Sarah B. Hendricks, Husband and Wife.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1981.

Filed May 21, 1982.

12

John M. McClure, Doylestown, for appellant.

Robert F. Ruehl, Doylestown, for appellees.

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in: (1) dismissing his complaint as to appellee Sarah B. Hendricks; and (2) transferring from equity to law the action as to appellee Edward N. Hendricks. For the following reasons,

we affirm the dismissal as to Mrs. Hendricks and quash the appeal as to Mr. Hendricks.

In October, 1978, appellant contracted to perform extensive landscaping and driveway repair work upon Mr. Hendricks's Bucks County residence. Sometime after completing the work in October, 1979, appellant and Mr. Hendricks compromised appellant's claim for materials and labor. Mr. Hendricks subsequently married and conveyed the property to himself and Mrs. Hendricks as tenants by the entireties. In October, 1980, appellant commenced this action in equity to recover the unpaid balance of $6,700, and to enjoin appellees' purported fraudulent conveyance.[1] Appellees' preliminary objections asserted that appellant had an adequate remedy at law. *See* Pa.R.Civ.P. 1509(c). Additionally, Mrs. Hendricks demurred to the complaint by alleging that it failed to state a cause of action. The lower court sustained the preliminary objections, dismissing the complaint as to Mrs. Hendricks, and transferring the action against Mr. Hendricks to the law side of the court. This appeal followed.[2]

Appellant contends initially that the lower court erred in entertaining Mrs. Hendricks's demurrer because she had failed to specify any defect in the complaint. In filing a preliminary objection in the nature of a demurrer, Pa.R. Civ.P. 1017(b)(4), a party must "specifically state the grounds relied upon," Pa.R.Civ.P. 1028(a). A demurrer generally averring that the " 'complaint fails to state a cause of action . . .' . . . must be dismissed [because] [i]ts generality violates [r]ule 1028(a)." *Brennan v. Smith*, 6 Pa. Commonwealth Ct. 342, 344, 299 A.2d 683, 684–85 (1972). While we agree with appellant that the demurrer was not specific,

---

1. In particular, appellant alleged that appellees had listed the premises for sale in an effort to avoid paying him and that they would remove the proceeds of the sale from the jurisdiction. He therefore sought to enjoin their future conveyance of the premises.

2. An order dismissing a complaint against one of several defendants is final and appealable. *Allessandro v. State Farm Mutual Automobile Insurance Co.*, 487 Pa. 274, 279, 409 A.2d 347, 349 (1979); *Love v. Temple University*, 422 Pa. 30, 33, 220 A.2d 838, 840 (1966).

"we nevertheless conclude that the lower court properly entertained the preliminary objection because appellant waived the procedural defect by failing to file a preliminary objection to appellee's preliminary objection." *National Recovery Systems v. Frebraro*, 287 Pa. Superior Ct. 442, 444, 430 A.2d 686, 687 (1981) (preliminary objection raising illegality). *See also Duquesne Slag Products Co. v. Lench*, 490 Pa. 102, 104, 415 A.2d 53, 54 (1980) (res judicata); *Freach v. Commonwealth*, 471 Pa. 558, 564–65 n.6, 370 A.2d 1163, 1166 n.6 (1977) (immunity from suit); *Rufo v. Bastian Blessing Co.*, 417 Pa. 107, 114, 207 A.2d 823, 826 (1965) (statute of limitations). Noncompliance with rule 1028(a) is a defect which must be raised by a preliminary objection in the nature of a motion to strike under rule 1017(b)(2) or in the nature of a motion for more specific pleading under rule 1017(b)(3). *See* 2 Goodrich-Amram 2d § 1017(b):5 (1976). *See, e.g., Kline v. Johnson*, 70 Pa.D. & C.2d 386, 388 (C.P. Northumberland County 1975); *Casner v. Norwalk Truck Lines, Inc.*, 42 Pa.D. & C.2d 666, 667 (C.P. Mifflin County 1966). Appellant's failure so to do waived the procedural defect. Pa.R.Civ.P. 1032 ("[a] party waives all defenses and objections which he does not present by . . . preliminary objection"); *Kline v. Johnson, supra* at 389. *Cf. Lang v. City of Philadelphia*, 31 Pa. Commonwealth Ct. 537, 538, 377 A.2d 849, 850 (1977) (failure to raise in lower court demurrer's nonconformity with rule 1028 constituted waiver). Here, as in *Kline v. Johnson*, appellees' supporting brief (which is included in the record) amplified the basis of the boiler plate demurrer. Consequently, in light of appellant's waiver, the lower court properly addressed the merits of the demurrer.

■ Appellant contends that the lower court erred in sustaining the demurrer because his complaint "requests relief [from Mrs. Hendricks] on a quasi-contractual theory for unjust enrichment."[3] Brief for Appellant at 11. "In order to recover, there must be *both* (1) an enrichment, and

---

3. Appellant has waived any other basis for sustaining his claim against Mrs. Hendricks by failing so to argue in his brief to this Court. *Commonwealth v. Jackson*, 494 Pa. 457, 459 n.1, 431 A.2d

(2) an injustice resulting if recovery for the enrichment is denied." *Meehan v. Cheltenham Township*, 410 Pa. 446, 449, 189 A.2d 593, 595 (1963) (emphasis added and citations omitted).

> [T]he mere fact that one party benefits from the act of another is not of itself sufficient to justify restitution. There must also be an injustice in permitting the benefit to be retained without compensation.
>
> The Restatement of Restitution sets forth various rules for the determination of whether the retention of a particular enrichment is unjust. Section 110 deals with a situation where a third party benefits from a contract entered into between two other parties. It provides that, in the absence of some misleading by the third party, the mere failure of performance by one of the contracting parties does not give rise to a right of restitution against the third party. The Restatement gives as an example of this principle the situation where A purchases a ring from C, a jeweler, for his fiance B and then defaults in the payments. The Restatement states that C cannot recover the ring or its value from B.

*Id.*, 410 Pa. at 450–51, 189 A.2d at 596 (footnote omitted). In *Meehan*, a subcontractor agreed with a developer to pave streets and install sewers. After the subcontractor undertook performance, the developer became insolvent. The streets were subsequently conveyed to the municipality and the work was completed by another subcontractor. The subcontractor then sued the municipality alleging that it had been unjustly enriched. Relying upon the Restatement analysis, our Supreme Court rejected that claim:

> In contracting to perform the services in question, appellant relied solely on the financial credit of [the developer]. Appellee in no way induced appellant to enter into this relationship. In such a situation, appellant cannot shift the loss resulting from its error in judgment to one who

944, 945 n.1 (1981); *Commonwealth v. Burton*, 292 Pa. Superior Ct. 73, 76 n.1, 436 A.2d 1010, 1012 n.1 (1981). Accordingly, we express no view as to whether any other theory would justify recovery from her.

> may have been indirectly benefitted by the performance
> of these services.

*Id.,* 410 Pa. at 451, 189 A.2d at 596 (footnote omitted). *Accord, Kemp v. Majestic Amusement Co.,* 427 Pa. 429, 431–33, 234 A.2d 846, 847–848 (1967) (air conditioning contractor could not recover from lessor when contract had been made solely upon tenant's credit and lessor did not mislead contractor and did not learn of work until after completion). Assuming, *arguendo,* that Mrs. Hendricks was enriched by appellant's performance of the repairs and landscaping, appellant's complaint fails to allege why it would be unjust for her to retain the indirect benefit conferred upon her. The complaint alleges an express contract with Mr. Hendricks. The complaint is utterly devoid of any allegation that appellant was misled by Mrs. Hendricks, or for that matter, that he even knew of her when he undertook performance. There is no allegation that she knew of appellant's work or in any way induced his performance. In light of these glaring deficiencies, the mere fact that Mrs. Hendricks may have indirectly benefitted from appellant's performance is not sufficient to impose upon her a duty to make restitution. *See Roman Mosiac & Tile Co. v. Vollrath,* 226 Pa. Superior Ct. 215, 217, 313 A.2d 305, 307 (1974). Accordingly, the lower court did not err in dismissing appellant's complaint against her.

■ Appellant contends finally that because his remedy at law is inadequate, the lower court erred in transferring his action against Mr. Hendricks from equity to law. We cannot reach the merits of this contention, however, because the appeal as to Mr. Hendricks is premature. Orders transferring actions from equity to law are generally interlocutory and not appealable. *See, e.g., R. M. Shoemaker Co. v. Blumenfeld,* 443 Pa. 566, 278 A.2d 488 (1971) (per curiam); *Ridge Radio Corp. v. Glosser,* 417 Pa. 450, 451, 208 A.2d 839, 840 (1965); *McFarland v. Weiland Packing Co.,* 416 Pa. 277, 279, 206 A.2d 18, 19 (1965); *White v. Young,* 402 Pa. 61, 62, 166 A.2d 663 (1960); *Nachod v. Nachod,* 402 Pa. 60, 61, 166 A.2d 18 (1960); 5 Goodrich-Amram 2d § 1509(c):2 (1976).

There can be no doubt that this Court has held un-appealable an order certifying a case from equity to law. . . . However, this rule flows not from the mere fact that a case has been certified from one court to another, but from the fact that the appealing party might eventually be made whole, i.e., that a court of law may award sufficient money damages to substitute for the equitable relief held unavailable.

*Goldman v. McShain*, 432 Pa. 61, 64, 247 A.2d 455, 456 (1968). *Accord, Kramer v. Kramer*, 260 Pa. Superior Ct. 332, 338, 394 A.2d 577, 581 (1978); *Long John Silver's, Inc. v. Fiore*, 255 Pa. Superior Ct. 183, 195–96, 386 A.2d 569, 575 (1978). Consequently, in determining the appealability of an order transferring a case from equity to law, we must ascertain whether the practical effect of the order is to put the party "out of court." *Goldman v. McShain, supra*, 432 Pa. at 65, 247 A.2d at 457; *McCahill v. Roberts*, 421 Pa. 233, 236, 219 A.2d 306, 308 (1966). In *Goldman*, the plaintiffs sought specific performance of a contract to build and operate a theater. The lower court held that they had not alleged an enforceable contract, thereby precluding equitable relief or damages at law. Instead of entering judgment on the pleadings for the defendants, the lower court certified the case to the law side of the court to enable plaintiffs to proceed under a theory of restitution to recover their expenses incurred in contemplation of the project. In denying the motion to quash the appeal, our Supreme Court reasoned that the order was final because its practical effect was to deny recovery upon the contract. 432 Pa. at 64–65, 247 A.2d at 456–457. Similarly, in *McCahill*, the Court held that a transfer order was final because its effect was to deny plaintiffs' action to quiet title to a building. 421 Pa. at 236, 219 A.2d at 308. By contrast, in the present case, the lower court, in the exercise of its discretion, *Long John Silver's, Inc. v. Fiore, supra*, determined that appellant could be adequately compensated by an award of damages for the breach of his contract with Mr. Hendricks. Consequently, because the practical effect of the order is *not* to preclude

appellant from presenting the merits of his claim, it is *not* final and appealable. *Toll v. Toll*, 293 Pa. Superior Ct. 549, 555, 439 A.2d 712, 715 (1981). Appellant has not sought to avoid the conveyance establishing the tenancy by the entireties, nor has he alleged that appellees have agreed to convey the premises. Accordingly, the lower court's determination that this case did not warrant equitable relief under section 10 of the Uniform Fraudulent Conveyance Act, Act of May 21, 1921, P.L. 1045, No. 379, 39 P.S. § 360, must await final disposition in the court below. *See generally Meehan v. Cheltenham Township, supra* 410 Pa. at 448–49, 189 A.2d at 595; *King v. Clark*, 183 Pa. Superior Ct. 190, 193–94, 130 A.2d 245, 247 (1957). The mere fact that the order was final and appealable vis-a-vis Mrs. Hendricks does not confer jurisdiction to review an issue arising from appellant's claim against Mr. Hendricks. *See Love v. Temple University*, 422 Pa. 30, 33, 220 A.2d 838, 840 (1966). To be appealable, an adjudication must be final as to all parties and as to the whole of the subject matter. *Commonwealth v. Mellon National Bank & Trust Co.*, 360 Pa. 103, 109, 61 A.2d 430, 433 (1948); *Schaefer v. American States Insurance Co.*, 272 Pa. Superior Ct. 67, 68, 414 A.2d 672, 673 (1979). For example, in *Gibson v. Miller*, 265 Pa. Superior Ct. 597, 601, 402 A.2d 1033, 1036 (1979), we quashed a wife's appeal when she had not filed her own exceptions, but, instead, had "tried to appeal on the coattails of her husband's exceptions." Moreover, rule 1701(c) of the Pennsylvania Rules of Appellate Procedure recognizes that a pending appeal will not affect " 'separate disputes between other parties or involving separate subject matter.' " *Litt v. Rolling Hill Hospital*, 293 Pa. Superior Ct. 97, 100 n.2, 437 A.2d 1008, 1010 n.2 (1981) (citation omitted). Consequently, insofar as appellant challenges the lower court's order transferring his case against Mr. Hendricks from equity to law, we quash his appeal. Of course, our determination on that matter is without prejudice to appellant's right to renew his challenge in a proper appeal. *Adcox v. Pennsylvania Manufacturers' Association Casualty Insurance Co.*, 419 Pa. 170, 175–76, 213 A.2d 366, 368 (1965).

For the foregoing reasons, the order as to appellee Sarah B. Hendricks is affirmed, and, as to appellee Edward N. Hendricks, the appeal is quashed and the matter remanded for further proceedings.

So ordered.