## Berkstresser v. Riverside Markets

*Joseph B. Policicchio,* for plaintiff.
*John J. Dirienzo, Jr.,* for defendant.

SHAULIS, *J.,* November 2, 1982—We now have before us defendants' preliminary objections to plaintiff's complaint in trespass.

### FACTS

Plaintiff, Susan K. Berkstresser, filed a complaint in trespass on April 2, 1982, alleging malicious prosecution and invasion of privacy against defendants, Riverside Markets, Penn Traffic Company, and Carl Satterlee resulting from a criminal complaint filed by Satterlee against plaintiff in January, 1980. Defendant Riverside Markets is a wholly-owned subsidiary of defendant Penn Traffic Company. Defendant Satterlee was employed by Riverside Markets.

The criminal complaint alleged that plaintiff

passed a bad check dated December 24, 1979 drawn on U.S. National Bank in the amount of $40 payable to Riverside Markets in violation of 18 Pa.C.S.A. §4105. Allegedly, plaintiff's checkbook had been stolen on or around December 20, 1979. On February 1, 1980, plaintiff posted bond of $51 and entered a plea of not guilty to the charges, and on February 19, requested a prompt hearing on the matter. On February 28, 1980, plaintiff was informed that the complaint against her had been withdrawn by defendant Satterlee. Plaintiff seeks damages of $10,000 including legal fees and punitive and exemplary damages. Defendants filed preliminary objections.

## DISCUSSION

Defendants' first preliminary objection is in the nature of demurrer alleging that plaintiff failed to state a cause of action that would support legal fees, punitive and exemplary damages.

In the case of Gulian v. Gulian, 7 D.&C. 2d 247, 71 (1954), the court held that a demurrer cannot be used to question damages, but it may be used to question whether plaintiff has the right to recover punitive as distinguished from ordinary damages. It is apparent then that a demurrer is not the proper method by which to challenge a claim to legal fees. Thus, our inquiry is limited to whether plaintiff is entitled to punitive damages.

"In order to support an award of punitive damages, the wrongful conduct must be outrageous in character, which means acts done with a bad motive or a reckless indifference to the interests of others." W. W. Coal Company v. Pennsylvania National, 30 Somerset L.J. 69, 75 D.&C. 2d 621 (1975).

In a recent case regarding a motion to strike punitive damages, Judge Coffroth stated the following:

To be outrageous, the conduct must be such a severe departure from prevailing moral values in terms of the evilness of motive or recklessness of the disregard of the victims' rights and interests, such as an extravagant, shocking, antisocial and extremely offensive misdoing, as provokes instantly a cry of abhorrence.
Weigle v. Motors Insurance Corp., 19 D.&C. 3d 449 (1980).

In addition, Judge Coffroth indicated that: Proof of outrageous conduct, like proof of bad faith or fraud must establish the conclusion by clear, precise and convincing evidence. Cowden v. Aetna, 389 Pa. 459, 472, 134 A.2d 223 (1957). The pleadings of such matters must be of equal dignity. Sneiderman v. Kahn, 350 Pa. 496 (1944); Baltzer v. Shanksville-Stoneycreek, 27 Somerset Legal Journal 161, 168 (1972). (Cowden citation added) Id. at p. 126.

Therefore, it must be apparent from the face of the complaint that defendant's conduct was sufficiently malicious or negligent to justify the punitive or exemplary damages requested.

It is conceivable that defendants' behavior could be viewed as outrageous and/or malicious if plaintiff's averments are found to be genuine. Being the subject of a criminal complaint for passing a NSF check when such check had been stolen and forged, and having one's name published in the newspaper as a criminal would be very offensive to the ordinary person. This is especially true if plaintiff's allegation that defendant Satterlee had filed such a complaint despite his knowledge of plaintiff's innocence is correct.

A demurrer will be sustained only when the law permits no recovery under the facts pleaded. Upper Moreland Twp. v. Com., Pennsylvania Dept. of

Transp., 48 Pa. Commw. .27, 409 A.2d 118 (1979). See also: Deem v. Pritts, 36 Somerset L.J. 113 (1978); Jim Bulow Motors v. Beeman, 33 Somerset L.J. 165 (1976). If the complaint adequately sets forth a cause of action, the demurrer must not be sustained. Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (1979).

Only when evidence is presented at trial concerning the existence or non-existence of probable cause for defendant bringing the criminal complaint can it be determined whether or not defendant's behavior was outrageous, negligent, or innocent under the circumstances. The final determination of the award of punitive damages rests with the court once the trial is over and as such, this preliminary objection must not be sustained.

Defendants' final preliminary objection is also in the nature of a demurrer. This objection states that, "Plaintiff's complaint fails to state a cause of action upon which relief can be granted."

Pa. R.C.P. 1028 (a), 42 Pa.C.S.A. provides that, "Preliminary objections shall state specifically the grounds relied upon." See also: Commonwealth v. Penner, 34 Somerset L.J. 364 (1977); Spickler v. Lombardo (No. 3), 3 D.&C. 3d 591 (1977); Pittsburgh National Bank v. Garrity, 31 Somerset L.J. 333 (1976). If the court cannot ascertain what ground is being asserted due to the vagueness of the objection, it will be dismissed. 2A Anderson Pa. Civ Pract. §1028.1(a). A preliminary objection fails to meet the requirements of Rule 1028(a) if it only objects to the complaint by contending that it does not set forth a cause of action. Brenner v. Smith, 6 Pa. Commw. 342, 299 A.2d 683 (1972). See also: Spickler v. Lombardo, supra. Consequently, for the reasons discussed herein, this preliminary objection must be dismissed.

## ORDER

Now, this November 2, 1982, the preliminary objections are dismissed and defendants are allowed 20 days to file a responsive pleading to plaintiff's complaint.