### Kebe v. Timeless Towns of the Americas Inc.

*Patrick A. Merlino,* for plaintiff.
*Jeffrey B. Reggis,* for defendant.

KUHN, *J.,* February 25, 1988 — Plaintiff filed a two-count complaint against defendant as a result of injuries received by plaintiff while a guest at defendant's hotel. Plaintiff alleges that at about 11:15 p.m. on December 3, 1985, she fell over an upraised ridge in the parking lot and injured her mouth. In count I she seeks compensatory damages for these injuries.

She further avers that upon reporting her injuries to the desk clerk, she was refused assistance in obtaining medical treatment. Despite being a stranger to the area she claims she was provided with an inaccurate hand-drawn map and forced to drive several miles on her own to find the local hospital. In count II, plaintiff seeks punitive damages for defendant's actions after her initial injury.

Defendant filed preliminary objection in the nature of a demurrer arguing that plaintiff has not set forth a claim for punitive damages in count II.

We recognize that the courts of this commonwealth will not lightly sustain a demurrer.

"In considering preliminary objections in the nature of a demurrer, the question presented is whether, on the facts averred, the law says with certainty that no recovery is possible. . . . A demurrer admits

every well-pleaded material fact set forth in the complaint, as well as all inferences reasonably deducible therefrom, but not conclusions of law. . . . The law does not provide a 'magic formula' to determine sufficiency of a plaintiff's complaint, however, the law is clear that a demurrer can only be sustained in a case free from doubt." *Bartanus v. Lis,* 332 Pa. Super. 48, 52, 480 A.2d 1178, 1180 (1984). (citations omitted)

If there is any doubt, this should be resolved in favor of overruling the demurrer. *Gekas v. Shapp,* 469 Pa. 1, 6, 364 A.2d 691, 693 (1976). Against this standard we measure the sufficiency of plaintiff's averments.

Pennsylvania has adopted section 908 of the Restatement (Second) of Torts and the comments thereunder as the guideline for imposing punitive damages. *Chambers v. Montgomery,* 411 Pa. 339, 344, 192 A.2d 355, 358 (1963); *Feld v. Merriam,* 506 Pa. 383, 395, 485 A.2d 742, 747 (1984).

Section 908 provides:

"(1) Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future.

"(2) Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."

As stated recently by President Judge Oscar F. Spicer in *Waddell v. Baker,* 29 Adams Leg. J. 60 (1987),

"Stated in other ways, punitive damages: (1) are appropriate when the act imports insult or outrage and is committed with a view to oppress or is done in contempt of plaintiff's rights. *Delahanty [v. First*

*Pennsylvania Bank, N.A.,* 318 Pa. Super. 90, 129-30, 464 A.2d 1243, 1263 (1983)]; (2) must be based on conduct that is malicious, wanton, reckless, willful or oppressive, *Feld* [*v. Merriam,* 506 Pa. 383, 485 A.2d 742(1984)]; (3) are appropriate for punishing a civil defendant only where the conduct complained of is especially egregious. *Martin v. Johns-Manville Corp.,* 508 Pa. Super. 154, 170, 494 A.2d 1088, 1096-7 (1985); (4) depends upon the state of mind of the actor, in fact the act must be intentional, reckless or malicious, *Feld* [at 396, 485 A.2d at 748]; (5) arise from the act itself together with all the circumstances, including the motive of the wrongdoer and the relations between the parties, *Id.*" 29 Adams. Leg. J. at 63.

Furthermore, punitive damages are appropriate only where there has been conduct more egregious that that which established the underlying tort. *Geyer v. Steinbronn,* 351 Pa. Super. 536, 562, 506 A.2d 901, 915 (1986).

The major issue before this court is whether plaintiff has stated a cause of action for punitive damages where she alleges that defendant, an innkeeper, failed to appropriately respond to her need for medical assistance. However, there are several subissues to resolve first. Comment c of section 908 of the Restatement (Second) of Torts indicates that before punitive damages can be awarded, facts must be established which are sufficient to maintain a cause of action. In other words, the right to punitive damages is a mere incident to a cause of action and not the subject of the action itself. *Laniecki v. Polish Army Veterans Association,* 331 Pa. Super. 413, 424, 480 A.2d 1101, 1106 (1984).

Plaintiff's brief cites section 314A Restatement (Second) of Torts, Special Relations Giving Rise To Duty To Aid or Protect, as the underlying legal duty imposed upon defendant. Section 314A requires an

innkeeper to render first aid to guests after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others. Counsel has cited no Pennsylvania case embracing section 314A. However, our research has revealed that the Supreme Court of West Virginia in *Hovermale v. Berkeley Springs Moose Lodge No. 1483,* 271 S.E. 2d 335 (1980), adopted section 314A and we are inclined to follow its lead on this issue.*

We are concerned, however, with the manner in which count II is set forth. Therein, plaintiff seeks only punitive damages for defendant's actions after her initial injury. In *Hilbert v. Roth,* 395 Pa. 270, 276, 149 A.2d 648, 652 (1959), the Pennsylvania Suprme Court held that in order to recover punitive damages plaintiff must first prove actual compensatory damage. The Superior Court reasoned, therefore, that punitive damages may not be imposed in cases of zero compensatory awards. *Sulecki v. Southeast National Bank,* 358 Pa. Super. 132, 136, 516 A.2d 1217, 1219 (1986). Here, plaintiff has not pled, and therefore, is not entitled to compensatory damages for defendant's actions after her initial in-

---

\* Plaintiff has set forth other legal theories under that Restatement without case authority. Because of our discussion of section 314A, we will not address these other than to state that section 321, Duty to Act When Prior Conduct is Found to be Dangerous, does not seem applicable; section 322, Duty to Aid Another Harmed by Actor's Conduct, appears applicable although not expressly adopted by Pennsylvania courts; section 323, Negligent Performance of Undertaking to Render Services, appears not applicable; section 324, Duty of One Who Takes Charge of Another Who is Helpless, appears not applicable; section 326, Intentionally Preventing Assistance, appears not applicable, and section 327, Negligently Preventing Assistance, appears applicable although not expressly adopted by Pennsylvania courts.

jury. As a result, her claim for punitive damages is not viable.

This defect can perhaps be remedied, therefore, we will allow her to replead.

Plaintiff cites *Brennan v. Smith,* 6 Pa. Commw. 342, 299 A.2d 683 (1972) for the proposition that Pa.R.C.P. 1028(a) requires defendant's preliminary objection be dismissed for simply stating that plaintiff has failed to state a cause of action. While this may be true, plaintiff has waived this procedural defect by not filing a preliminary objection to defendant's preliminary objection. *Samuels v. Hendricks,* 300 Pa. Super. 11, 14, 445 A.2d 1273, 1275 (1982). Accordingly, we enter the attached

## ORDER OF COURT

And now, February 25, 1988, defendant's preliminary objection in the nature of a demurrer to count II of plaintiff's complaint is hereby granted. Plaintiff is granted 20 days to file an amended complaint.