**Carrington v. F.D. Builders Inc.**

C.P. of Chester County, No. 2014-01263-TT

*Kevin B. Watson* and *Kathryn E. Pettit*, for plaintiff.
*Anthony S. Pinnie*, for defendants.

TUNNELL, *J.*, Oct. 21, 2014—

ORDER

And now, this 21st day of October, 2014, upon consideration of defendants' preliminary objections to plaintiff's complaint, plaintiff's response thereto, and all other matters of record, it is hereby ordered and decreed as follows:

1. Defendants' objection for lack of privity and standing is dismissed;

2. Defendants' objection for legal insufficiency of plaintiff's claim of "fraud (negligent misrepresentation)" is dismissed; and

3. Defendants' objection for legal and factual insufficiency as to defendant, Frank DiSerafino, is sustained and said defendant is dismissed without prejudice.

Plaintiff is granted leave to file an amended complaint within twenty (20) days of the date this order is docketed.[1]

---

1. Presently before the court are the preliminary objections of defendants, F.D. Builders, Inc., and Frank DiSerafino (collectively "defendants") to plaintiff's complaint. For the reasons set forth below, the objections will be dismissed in part and sustained in part.

The facts giving rise to this litigation, as taken from plaintiff's complaint, are as follows: Sometime prior to August, 2000, defendants were general contractors engaged in the "development and construction" of a residential home located in Kennett Square, Pennsylvania. On August 7, 2000, this property was conveyed by general warranty deed from defendant, F.D. Builders, Inc., to its prior owners, John and Denise Feenan. The Feenan's subsequently sold the property to plaintiff herein, Edward Carrington, on February 14, 2003. According

to plaintiff's complaint, approximately 9 years later, on June 27, 2012, plaintiff retained a third-party home inspection company to perform a "Building Moisture Survey" of his residence. (*See* Plf.s' Ex. C). The survey revealed, *inter alia*, evidence of ongoing moisture infiltration into various areas of the exterior of the residence. Plaintiff avers that he attempted to contact defendants with regard to the findings contained in the home inspection survey, but never received a response.

Suit was filed against defendants on February 21, 2014. Plaintiff's complaint contains four purported causes of action. They are (1) negligence; (2) breach of implied warranty; (3) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law "(UTPCPL"); and (4) "Thirty Party Beneficiary". Defendants filed preliminary objections to the complaint on April 9 and oral argument on the objections was subsequently held on October 8, 2014. The matter is thus ripe for the court's disposition.

### Threshold Issue

The court will initially address a threshold issue that developed subsequent to the filing of the objections in this case. On September 5, 2014, this court's chambers received a letter from defendants' counsel in which he asserted two additional grounds to object to plaintiff's complaint. First, counsel's letter stated that the Pennsylvania Supreme Court's recent decision in *Conway v. The Cutler Group, Inc.*, __ A.3d __, 2014 WL 4064261 (Pa. 2014) required the dismissal of plaintiff's implied warranty and third party beneficiary/breach of contract claims. Second, counsel indicated that plaintiff's claim for negligence was also subject to dismissal pursuant to what is commonly referred to as the "gist of the action doctrine". *See, eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10 (Pa. Super. 2002). Counsel concluded his letter by requesting that the court "*add these points to the Defendants' Preliminary Objections*". The court declines to do so.

Preliminary objections are pleadings. *See*, Pa.R.C.P. No. 1017(a)(1) (4). In order for a party to assert preliminary objections, they must be filed of record with the prothonotary. *Id.* at No. 1028(a)(4) (Providing that preliminary objections "may be *filed* by any party... "); *Id.* at No. 1026(a) (Providing that "every pleading subsequent to the complaint shall be *filed* within twenty days after service of the preceding pleading... "); *see also, Id.*, at Nos. 204.1-205.4 (Rules relating to filing of pleadings and other legal papers with the prothonotary). In this case, defense counsel asserted additional grounds for objection in a letter to the court's chambers, rather than presenting them by way of formal objection. *Cf.*, *Id.* at 1028(b) (Stating that "[a]ll preliminary objections shall be raised at one time."). Defense counsel's letter is certainly not a pleading. The court, therefore, must decline to consider the contents of that letter for purposes of the present objections. *See, Com. ex rel. Corbett v. Peoples Benefit Servs., Inc.*, 895 A.2d 683, 690 (Pa. Cmwlth. 2006)(Sitting in original jurisdiction, and declining to consider an argument on preliminary objections that was asserted "only... in a footnote in [defendant's] brief to the court, rather than raising the matter in its preliminary objections.").[a]

Preliminary Objections

For ease of disposition, the court has both restated and renumbered the manner in which defendant's objections were originally presented to the court.

(a) First Objection — Lack of Privity

The entirety of defendants' first preliminary objection is as follows:

21. Plaintiff's complaint avers, *inter alia*, that the property was sold by the defendant F.D. Builders, Inc. to the Feenans and then to the current plaintiff Carrington. (Citation to exhibit omitted).

22. Therefore, privity does not exist between the builder and the current owner/plaintiff Carrington. The current owner/plaintiff Carrington has no standing to bring this suit.

(Def.s' Obj. at ¶¶ 21-22). The court declines to consider this objection. "Privity of contract" has been defined as "[t]he relationship between the parties to a contract, allowing them to sue each other but preventing a third party from doing so. Black's Law Dictionary, 1394 (10th ed. 2009). In this case, however, defendants' objection fails to make any attempt to explain to the court how or why a lack of privity between the parties would preclude the entirety of plaintiff's suit. The complaint asserts four purported causes of action: negligence, breach of implied warranty, violation of the UTPCPL, and breach of contract (on a third-party beneficiary theory). Whether or not privity is a prerequisite to the assertion of such claims has been the subject of considerable appellate review. *See, e.g., Woodward v. Dietrich*, 548 A.2d 301, 315 (Pa. Super. 1988) (Noting that our Supreme Court has previously held that "a contractor may be held liable for damages caused by [negligent construction work] despite the absence of privity between the contractor and the homeowner."); *Conway v. The Cutler Group, Inc., supra,* ___ A.3d ___, 2014 WL 4064261 (Pa. 2014) (Holding that an action for breach of the implied warranty of habitability requires contractual privity between the parties, and that, as a result, the warranty does not run to second or subsequent purchaser of a newly constructed residential property); *Valley Forge Towers S. Condo. v. Ron-Ike Foam Insulators, Inc.,* 574 A.2d 641, 647 (Pa. Super. 1990) *aff'd,* 605 A.2d 798 (Pa. 1992) (Holding that "strict technical privity was not intended by our legislature to be required to sustain a cause of action under [the UTPCPL]."); *Scarpitti v. Weborg,* 609 A.2d 147, 149 (Pa. 1992) (Explaining that an intended third-party beneficiary is entitled to maintain an action in assumpsit despite not being in privity with the original contracting parties). Here, defendants have cited to none of the above-stated cases, or any other relevant line of precedent, in order to present the court with a cogent argument as to why a lack of privity acts as a bar to all of plaintiff's claims. Instead, defendant's loosely asserted objection merely states a legal conclusion, *i.e., a lack of privity between the parties divests Plaintiff of standing to maintain his action.* This argument is woefully inadequate to do the heavy-lifting necessary to justify dismissal of the entire complaint. *See,* Pa.R.C.P. No. 1028(a) (Requiring preliminary objections to state the grounds relied on); *cf., Berkstresser v. Riverside Markets,* 27 Pa. D. &

C.3d 630, 633 (Pa. Com. Pl. 1982) ("If the court cannot ascertain what ground is being asserted due to the vagueness of the objection, it will be dismissed.); *Brennan v. Smith*, 299 A.2d 683, 685 (Pa. Cmwlth. 1972) (Sitting in original jurisdiction, and dismissing demurrer that stated: "*Plaintiff's complaint fails to state a cause of action against defendants*" as inadequate to make out a proper objection). Defendants' objection to lack of privity is, accordingly, dismissed.

(b) Second Objection — Misrepresentation

For similar reasons, the Court is compelled to dismiss defendants' second preliminary objection. In that objection, defendants' demurrers to plaintiff's claim for "fraud (negligent misrepresentation)" because plaintiff's complaint "fails to contain any material facts giving rise to a viable cause of action against defendant Frank DiSerafino individually." (Defs.' Obj. at 28). In response, plaintiff asserts that "[t]he allegations contained in Paragraphs 22-27 of the complaint sufficiently set forth a valid claim of misrepresentation against both defendants." (Plf.s' Res. Mem. at 3).

The court makes the following observations. First, it is unclear whether defendants' objection has been asserted on behalf of the both defendants or solely on behalf of defendant DiSerafino. (*See* Def.'s Obj. at ¶ 28 (Stating that "plaintiff has failed to state a claim against *the defendants* upon which relief maybe [sic] granted and cannot do so as a matter of law as plaintiff's complaint clearly fails to contain any material facts giving rise to a viable cause of action against *defendant* Frank DiSerafino individually...")). Second, it is also unclear as to *what* claim of misrepresentation the parties make reference. None of the counts of the complaint are formally labeled "fraud" and/or "negligent misrepresentation", and the averments to which plaintiff refers the court (¶¶22-27) are contained within the "general allegations" section of the Complaint.

The court recognizes that a plaintiff need not identify a specific legal theory underlying a complaint, and that "it is duty of the court to discover from the facts alleged in a complaint the cause of action, if any, stated therein." *Egan v. USI Mid-Atl., Inc.*, 92 A.3d 1, 21 (Pa. Super. 2014) (quoting *Cardenas v. Schober*, 783 A.2d 317, 325 (Pa. Super. 2001)). However, this fact cannot relieve an opposing party from properly asserting those grounds upon which a preliminary objection is based. *See, supra*, Pa.R.C.P. No. 1028(a); *Berkstresser*, 27 Pa. D. & C.3d at 633; *Brennan*, 299 A.2d at 685. The requirement becomes all the more apparent when one considers the nature of a claim for "misrepresentation" in Pennsylvania and the fact that plaintiff has pled a purported violation of the UTPCPL, a conceptually similar cause of action. The term "fraud" is typically used solely in reference to the tort of intentional misrepresentation. *See, Pflumm Paving & Excavating, Inc. v. Found. Servs. Co.*, 816 A.2d 1164, 1171 (Pa. Super. 2003). And, while the torts of intentional and negligent misrepresentation differ, their elements each contain a "materiality" and "justifiable reliance" requirement. *See, Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999). Similarly,

in order to maintain a private cause of action for deceptive conduct under the UTPCPL, which prohibits, *inter alia*, a person from "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding," 73 P.S. § 201-2(4)(xxi), a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation, and that he suffered harm as a result of that reliance. *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004). With these considerations in mind, the uncertainty of defendants' objection becomes apparent.

Plaintiff's Paragraphs 22-27 allege that that defendants "misrepresented the quality, condition, nature, suitability and fitness of the [r]esidence" when, at the time of its construction, defendants "participated in and authorized marketing, advertising, and sales statements", presumably in an effort to sell the property. (Plf.s' Com. at ¶25 — 26). However, the relevancy of such averments is not apparent until Count III of the complaint, where plaintiff avers that defendants' "misrepresentations and nondisclosures", by way of "brochures, verbal [statements], conduct, signage, model Units, plans and contracts", all of which Plaintiff "acted in reliance upon", constitutes a violation of the UTPCPL. (Plf.s' Com. at ¶¶ 44, 46 — 47). Thus, based on the averments of the Complaint and the applicable law, it is unclear whether defendants have objected to a perceived claim for (a) fraud (intentional misrepresentation); (b) negligent misrepresentation; (c) both; (d) are actually objecting to plaintiff's purported claim for a violation of the UTPCPL; or (e) some combination of the aforesaid. Given this confusion, the court will not engage in an unbridled analysis in service of defendants' demurrer to plaintiff's claim for "misrepresentation". *See, Battiste v. Borough of E. McKeesport*, 94 A.3d 418, 423 n. 7 (Pa. Cmwlth. 2014) ("A trial court should not act as a party's advocate."). Defendants' second objection is, accordingly, also dismissed.

(c) Third Objection — Insufficient Specificity in a Pleading and Legal Insufficiency as to Defendant Frank DiSerafino

Finally, defendants object to the legal and factual sufficiency of the complaint solely with regard to the individual defendant, Frank DiSerafino. More specifically, defendants argue that plaintiff's allegations fail to contain any specific facts giving rise to a "theory of liability" against defendant DiSerafino, thereby rendering the claims against him impermissibly vague and legally insufficient. The court agrees.

As an initial matter, the complaint is unclear as to the relationship between the two defendants. Plaintiff has averred that defendant F.D. Builders, Inc., is a Pennsylvania corporation and that defendant DiSerafino "is an adult individual residing in Delaware County, PA." (Plf.s' Com. at ¶3). The only other allegations of the complaint that elucidate the relationship between the defendants (prior to plaintiff's collective reference to F.D. Builders and DiSerafino as "defendants" throughout the remainder of the complaint) are the following:

8. Defendants were the developers and builders of the Residence.

10. At all times material to this complaint, defendants were engaged

in the development and construction of the Residence.

11. Defendants were the general contractors for the residence.

(Plf.s' Com. at ¶¶ 8, 10-11). In addition, the general warranty deed executed between F.D. Builders and John and Denise Feenan, attached to plaintiff's complaint as Exhibit B, lists the Grantor as *"F.D. Builders, Inc. T/A DiSerafino Custom, Builders, Inc."* (Plf.s' Ex. B; *see also*, Plf.s' Com. at ¶ 6). Thus, at best, the court may draw the reasonable inference that defendant DiSerafino is an officer and/or director of the corporate entity, F.D. Builders, Inc., despite the fact this is not made clear in the allegations of the complaint.

That being said, it was plaintiff's obligation to plead some theory of liability as to the individual defendant, and to do so with regard to each claim plaintiff has set forth in his complaint. *See, e.g., Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995) (Liability for corporate breach of contract may be imputed upon individual officer of corporation on theory of piercing the corporate veil); *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (Pa. 1983)(Corporate officer may be held individually liable for officer's personal participation in tortious activity of corporation under "participation theory"); *Conway v. Cutler Grp., Inc., supra,* __ A.3d __, 2014 WL 4064261 *2 (Pa. 2014) (Noting that an action for breach of implied warranty is "rooted in the existence of a contract—an agreement of sale—between the builder-vendor of a residence and the purchaser resident."); *Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC*, 40 A.3d 145, 147 (Pa. Super. 2012) (Holding that evidence produced at trial was sufficient to prove that individual contractor had "personally assumed" liability on agreements of sale entered into solely between business entity and homeowners for construction of new residential homes); *Scarpitti v. Weborg, supra,* 609 A.2d 147, 150 — 51 (Pa. 1992) (Explaining that when a contract confers the status of intended beneficiary on a third party, the beneficiary is entitled to pursue an independent cause of action to enforce the contract against the original contracting parties). In this case, defendants' have rightly objected to plaintiff's failure to aver any "material facts to inform [defendants] of the alleged basis of liability" against defendant DiSerafino in his individual capacity. (Defs.' Obj. at ¶¶24, 29-33). While plaintiff does make repeated use of the plural "defendants" in reference to the alleged liability-producing conduct, it is simply unclear as to the manner in which defendant DiSerafino's individual liability arises in the first instance, particularly when complaint and attached Exhibit B gives rise to an inference that defendant DiSerafino was officer/director of the corporate defendant, F.D. Builders, Inc. defendants' final preliminary objection is, accordingly, sustained.

a. The court notes that defendants could have sought to amend their objections either by consent of the parties or leave of court. *See,* Pa.R.C.P. No. 1028(c)(1); 1033; *Com., Dept. of Transp. v. Schodde,* 433 A.2d 143 (Pa. Cmwlth. 1981).