City of Philadelphia *v.* John E. Bullion, Appellant.

486

Argued April 6, 1976, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Douglas P. Coopersmith,* with him *Kenneth E. Aaron,* and *Astor & Weiss,* for appellant.

*Stewart M. Weintraub,* Assistant City Solicitor, with him *Albert J. Persichetti,* Deputy City Solicitor, *Stephen Arinson,* Chief Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

OPINION BY JUDGE KRAMER, February 8, 1977:

This is an appeal by John Bullion (appellant) from an order overruling his preliminary objections raising questions on whether the Philadelphia County Court of Common Pleas lacks jurisdiction over his person.[1] We affirm.

At all times during these proceedings the appellant has been a resident of the State of New Jersey. During the years 1971 through 1973 inclusive, appellant was employed as a civilian engineer technician by the United States Navy at the Naval Air Engineering Center located at the United States Naval Base on League Island. The City of Philadelphia (appellee) alleges that appellant earned during these years various sums of money which are subject to its wage tax.[2] The City further alleges that appellant has failed to pay the tax or to file tax returns for the years in question.

Appellee served appellant pursuant to the Pennsylvania long-arm statute.[3] Appellant, contending such service was improper, filed preliminary objections based upon the court's jurisdiction over his person. His objections were overruled by the lower court and appellant appealed.[4]

---

[1] This appeal was separated from the various other consolidated Philadelphia tax appeals because it raises unique questions by means of preliminary objections.

[2] Philadelphia, Pa., Code §19-1500 et seq. (1973).

[3] 42 Pa. C.S. §§8301-8311.

[4] We deem the order and the appeal justiciable under the 1925 Act because the preliminary objections challenge the in personam jurisdiction of the trial court. Act of March 5, 1925, P.L. 23, 12 P.S. §672.

488

Appellant's contention that use of the long-arm statute was improper in his instance to obtain in personam jurisdiction is based upon the following three arguments: (1) the Commonwealth of Pennsylvania does not have legislative jurisdiction to require appellant to designate the Department of State as his agent for service of process as provided for in the Pennsylvania long-arm statute; (2) appellant was not an individual "doing business" in Pennsylvania under the terms and intent of the statute; and (3) personal jurisdiction obtained by long-arm statute over a nonresident employed within a Federal enclave violates the Due Process Clause of the United States Constitution.

Appellant's contention that the Commonwealth has no legislative jurisdiction to obligate him to designate the Department of State as his agent for receipt of process is without merit. When Pennsylvania ceded League Island to the United States, it also ceded exclusive legislative jurisdiction over the area to the Federal Government.[5] The Commonwealth, however, reserved concurrent jurisdiction for service of civil and criminal process within the Federal enclave.[6] Such reservations have been upheld in order "to prevent these lands from becoming a sanctuary for fugitives from justice for acts done within the acknowledged jurisdiction of the state." *Fort Leavenworth Railroad Co. v. Lowe,* 114 U.S. 525 (1885). This language has been construed as authorizing states "to execute civil and criminal process for acts done within the states on lands ceded to the Federal Government." *In re Thompson,* 157 F. Supp. 93 (E.D. Pa. 1957), *aff'd, sub nom. United States ex rel. Thompson v.*

[5] U.S. Const. art. I, §8, cl. 17.

[6] Act of March 28, 1945, P.L. 91, *as amended,* 74 P.S. §120.46 et seq.

*Lennox,* 258 F.2d 320 (3d Cir. 1958), *cert. denied,* 358 U.S. 931 (1959). Though insufficient by itself, this reservation of power combined with the power the Federal Government receded to Pennsylvania by the Buck Act,[7] permitting states and local authorities to tax personal income within Federal enclaves, gives the Commonwealth the legislative jurisdiction necessary to deem the Department of State as appellant's agent for service of process.

The Buck Act provides pertinently:

(a) No person shall be relieved from liability from any income tax levied by any State, or by any duly constituted taxing authority therein, having jurisdiction to levy such a tax, by reason of his residing within a Federal area or receiving income from transactions occurring or services performed in such area; and *such State or taxing authority shall have full jurisdiction and power to levy and collect such tax in any Federal area within such State to the same extent and with the same effect as though such area was not a Federal area.* 4 U.S.C. §106.

(Emphasis added.)

It has been settled that this legislation grants appellee the power to "levy and collect" taxes on income earned by nonresidents employed on League Island. *Non-Resident Taxpayers Association v. Municipality of Philadelphia,* 341 F. Supp. 1139, 1142 (D. N.J. 1971), *aff'd. mem.,* 406 U.S. 951 (1972); *Kiker v. City of Philadelphia,* 346 Pa. 624, 633, 31 A.2d 289, 294, *cert. denied,* 320 U.S. 741 (1943). More important to resolving the issue before this Court, however, is that the Buck Act grants "full jurisdiction and power to levy and collect . . . as though such area was not a

---

[7] 4 U.S.C. §§105-110.

Federal area.'' For purposes of taxation, this language puts League Island within the acknowledged jurisdiction of Pennsylvania. It also grants the Commonwealth the necessary legislative jurisdiction to serve appellant according to the provisions of its long-arm statute. Therefore, not to permit service under the power reserved by the Commonwealth when it ceded this land to the Federal Government is to allow the very result the Supreme Court desired to avoid in *Fort Leavenworth, supra.*

Moreover, it has been held that this same language extends the legislative jurisdiction of the Commonwealth to insure enforcement of any permitted tax statute or ordinance. *See City of Philadelphia v. Konopacki,* 27 Pa. Commonwealth Ct. 391, 366 A.2d 608 (1976); *Philadelphia v. Cline,* 158 Pa. Superior Ct. 179, 44 A.2d 610 (1945), *cert. denied,* 328 U.S. 848 (1946). In order for appellee to enforce its ordinance in a judicial action it must make service of process. The Buck Act's recession of power and jurisdiction therefore grants Pennsylvania permission to enforce its ordinance by serving appellant in the same manner it would serve any other nonresident working in the City of Philadelphia. This includes service by means of the State's long-arm statute.[8]

The Pennsylvania long-arm statute's designation of the Department of State as appellant's agent for service of process does not otherwise intrude upon or limit the exclusive jurisdiction of the United States on League Island. Service in such a manner therefore

---

[8] Section 8307 of the Act, 42 Pa. C.S. §8307 provides for service "upon the Department of State, by sending by registered or certified mail, postage prepaid, a true and attested copy of such process, with the fee required by law, and by sending to the defendant, by registered or certified mail, postage prepaid, a true and attested copy thereof. . . ."

does not conflict with the general limiting provision of the Buck Act.[9]

Appellant next argues that he does not fit within any of the provisions of the long-arm statute. Section 8304 of the Act, 42 Pa. C.S. §8304, entitled "Doing business by individuals," provides for jurisdiction over individuals who have done business in the Commonwealth.

> [A]ny nonresident of this Commonwealth who . . . shall have done any business in this Commonwealth . . . shall be conclusively presumed to have designated the Department of State as his agent for the receipt of service of process . . . if and only if at the time the cause of action accrued or the harm or financial loss occurred, [he] shall have been doing business within this Commonwealth. . . .

*Bork v. Mills*, 458 Pa. 228, 329 A.2d 247 (1974).

Appellant contends that an employe does not qualify as an "individual" as intended under the Act. He argues that an employe does not act alone but that his actions are in conjunction with his employer. Alternatively, appellant argues that regardless of whether or not he qualifies as an individual, the services he rendered do not constitute "doing business" as was defined and meant under the Act. We cannot agree with either contention.

This cause of action arose from appellant's activities of working and earning income within the City of Philadelphia during the years in question. *See*

---

[9] 4 U.S.C. §108 provides:

The provisions of sections 105 to 110 of this title shall not for the purposes of any other provision of law be deemed to deprive the United States of exclusive jurisdiction over any Federal area over which it would otherwise have exclusive jurisdiction or to limit the jurisdiction of the United States over any Federal area.

*Kiker, supra.* The action of coming into Philadelphia daily to work at an employment was on appellant's behalf as an individual and not on the behalf of his employer. *See generally, Miller v. American Telephone & Telegraph Company,* 394 F. Supp. 58, 62 (1975), *aff'd.,* 530 F.2d 964 (1976). For this reason appellant should be considered an "individual" as was meant to be included under the Pennsylvania long-arm statute.

It still must be answered, however, whether appellant's actions of coming into Philadelphia to work as an employe qualifies as "doing business" within the Commonwealth. Two of the ways in which "doing business" is defined in the statute under Section 8309 of the Act, 42 Pa. C.S. §8309 are:

. . . .

> (1) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.
>
> (2) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

The intent of the statute as conveyed by this language is to reach those people actuated by a profit motive, who act in Pennsylvania for their "pecuniary benefit."

Appellant argues that the compensation he received for his services as an employe cannot be considered a "pecuniary benefit." This phrase has been defined as "such things only as can be valued in money."[10] In *Hays' Estate v. Commissioner of Internal Revenue,* 181 F.2d 169, 171 (5th Cir. 1950), which involved a

---

[10] *Black's Law Dictionary* 1288 (4th ed. 1951).

real estate transaction for Federal estate tax purposes, the court stated: "A pecuniary benefit means an increase in one's net worth by the receipt of money or property." The receipt of wages certainly increases one's net worth.

Appellant's reliance on *Branch v. Foort,* 397 Pa. 99, 152 A.2d 703 (1959) and *Sharp v. Valley Forge Medical Center,* 422 Pa. 124, 221 A.2d 185 (1966) is misplaced. There our Supreme Court held that for purposes of effecting service, a person's place of employment was not the same as his place of business. Such an interpretation insures that a defendant will receive notice of a complaint where he is employed at a large complex. Service here was made by registered mail, return receipt requested. Notice is therefore established. This writer does not otherwise read the above holdings as lending themselves to the question of whether working as an employe qualifies as "doing business" as defined under the State's long-arm statute. We conclude that appellant, by his activities, was doing business in Pennsylvania as defined and meant under the long-arm statute.

Appellant's final argument is that regardless of whether or not he is found to be "doing business," application of the Pennsylvania long-arm statute to obtain jurisdiction in this instance violates the Due Process Clause of the United States Constitution. The standard to be applied in determining such a violation was set forth in *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) and states:

> [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'

Pennsylvania courts have established the following guidelines to determine whether the requisite "minimum contacts" are present.

> First the defendant must have purposely availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws.... Secondly, the cause of action must arise from defendant's activities within the forum state.... Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable....

*Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa. Superior Ct. 12, 19, 323 A.2d 11, 15 (1974). Applying this test to appellant's situation, we hold that the requisite "minimum contact" is present.[11]

It is settled that for the purposes of this ordinance the Federal enclave of League Island is within the City of Philadelphia. *Kiker, supra.* Therefore, because appellant came to work daily during the years in question, he sufficiently availed himself of the privilege of acting within the forum state. It has similarly been decided that nonresident employes on League Island invoke benefits and privileges from the City of Philadelphia. *Kiker, supra; Non-Resident Taxpayers Association, supra.* The first test as enunciated in *Proctor, supra,* is therefore satisfied.

Appellant contends that the cause of action did not arise from his activities within the forum state as required by the second test. As discussed previously, appellant worked and earned wages in Philadelphia, incurring wage tax liability under the City's ordinance.

---

[11] Though the standard was established to find "minimum contacts" for a corporate defendant, these same standards are applicable to individual defendants if applied cautiously. *Stepnowski v. Avery*, 234 Pa. Superior Ct. 492, 340 A.2d 465 (1975).

His actions occurred therefore within the forum state. Furthermore, his actions of failing to file a return or pay the wage tax also occurred in the forum state.[12] The filing of the return and payment of the tax was to be done at City Hall Annex in Philadelphia. The failure to do this required legal act establishes this location as the situs. *See In re Thompson, supra.*

The final test in determining whether "minimum contacts" exist is whether the defendant's actions have a substantial enough connection with the forum state to make the exercise of jurisdiction over him reasonable. Appellant admits that the City of Philadelphia has a great interest in this action for the collection of its wage tax. Appellant's employment during the years in question was also continuous. In addition, his actions were actuated by a profit motive and for his "pecuniary benefit." *Compare Action Industries, Inc. v. Wiedeman,* 236 Pa. Superior Ct. 447, 455-7, 346 A.2d 798, 802-3 (1975) *with Stepnowski v. Avery, supra,* note 6. Appellant's activities have a substantial connection with the forum state. It is reasonable therefore for Pennsylvania to exert jurisdiction over the appellant.

There is also no evidence which suggests that defendant is incapable of defending this action in Philadelphia or that he is more than slightly inconvenienced. Indeed, this cause of action arose because appellant came to Philadelphia daily for at least three years for purposes of his employment. We do not believe in this instance that the traditional notions of "fair play or substantial justice" are offended by the exercise of jurisdiction over the appellant. We affirm.

_____
[12] Philadelphia may require this of appellant because of its taxation power over income earned within its geographic jurisdiction.

496

ORDER

AND Now, this 8th day of February, 1977, the Order of the Court of Common Pleas of Philadelphia County No. 4114, dated May 2, 1975, dismissing the preliminary objections of appellant John E. Bullion, is hereby affirmed.