442 A.2d 1104

CITY OF PHILADELPHIA

v.

**William E. GOULD, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 19, 1982.

Decided March 29, 1982.

Kenneth E. Aaron, Philadelphia, for appellant.

Stewart M. Weintraub, Dep. City Sol., Ellis M. Saull, Asst. City Sol., Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from a final Order of the Commonwealth Court entered June 1, 1979, 43 Pa.Cmwlth. 186, 402 A.2d 708 based on its holding that the appeal of William E. Gould (hereinafter Gould) in that court was a dilatory tactic and awarding counsel fees to the City of Philadelphia (herein-

after City), appellee. The sole issue in this case is whether the Commonwealth Court was in error in awarding counsel fees to the City.

This litigation began in the Court of Common Pleas of Philadelphia at March Term, 1975, when the City of Philadelphia filed a complaint in assumpsit against Gould, a resident of New Jersey, alleging that Gould was obligated to pay a wage tax to the City because of his employment by the Department of the Navy, Naval Support Activities, at the United States Naval Base on League Island. The City served Gould pursuant to the Pennsylvania Long Arm Statute then in effect at 42 Pa.C.S. § 8301, *et seq.*, and Gould challenged the court's *in personam* jurisdiction under that statute. The challenge was made by way of preliminary objections filed on April 23, 1975.

While these preliminary objections were pending, another case involving the same issues of *in personam* jurisdiction and the same facts (New Jersey resident working at League Island and refusing to pay the Philadelphia wage tax) was proceeding through the appellate court system. In that case, *City of Philadelphia v. John E. Bullion*, 28 Pa. Comwlth.Ct. 485, 368 A.2d 1375 (1977), the court held that there was proper *in personam* jurisdiction. On June 15, 1977, this Court denied allowance of appeal in *Bullion*. On August 3, 1977, *Bullion* was appealed to The United States Supreme Court.

On August 2, 1977, following our denial of allowance of appeal in *Bullion*, the trial court dismissed Gould's preliminary objections. On August 18, 1977 Gould appealed to the Commonwealth Court. Roughly two months after Gould's appeal to the Commonwealth Court, on October 31, 1977, The United States Supreme Court dismissed the appeal filed in *Bullion v. City of Philadelphia*, 434 U.S. 914, 98 S.Ct. 384, 54 L.Ed.2d 271 (1977) (appeal dismissed for want of a substantial federal question).[1]

---

1. Although this disposition is a decision on the merits, see *Hicks v. Miranda*, 422 U.S. 332, 344, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223, 236 (1975), the decision has limited precedential value. *See Edelman v.*

 This dismissal notwithstanding, Gould's appeal remained on the Commonwealth Court docket. The case was argued in April of 1979, roughly fifteen months after the United States Supreme Court dismissed the appeal in *Bullion*, and on June 1, 1979, the Commonwealth Court, after oral argument, entered an Order affirming the trial court's dismissal of the preliminary objections. Additionally, the court awarded counsel fees to the City because it considered Gould's tactics to be dilatory.[2] The court observed that the facts of Gould's case were identical with those in *Bullion*, and that the legality of service under the long arm statute was raised and disposed of there. Further, the court felt that since there had been no significant developments bearing on the application of the law to the issues raised in *Bullion*, which were the same as the issues raised by Gould, and since *Bullion* had been recently decided, Gould's appeal was a dilatory tactic. We disagree.

The Pennsylvania Constitution provides:

There shall be a right of appeal in all cases to a court of record from a court not of record; *and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court,* the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

Pa.Const. Art. 5 § 9. Under the plain meaning of this provision, Gould had a *right of appeal* from the adverse ruling below in *his case.* This right may not be abrogated simply because another, similar case has been decided by an

*Jordan,* 415 U.S. 651, 671, 94 S.Ct. 1347, 1359, 39 L.Ed.2d 662, 677 (1974).

**2.** The award of counsel fees was made pursuant to 42 Pa.C.S. § 2503(7), which provides:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

\* \* \* \* \* \*

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

appellate court, particularly where this Court had never decided the issue on its merits. In this case appellant took an appeal based on arguments that had been rejected by the Commonwealth Court, but never finally adjudicated by this Court. Furthermore, the prior adjudication by the Commonwealth Court had been more than two years prior to the argument in this case. Under these circumstances, there is no *per se* abuse in arguing an appeal grounded on the same arguments as advanced in the prior appeal.

Order of the Commonwealth Court reversed.

McDERMOTT, J., joins the majority opinion and files a concurring opinion.

McDERMOTT, Justice, concurring.

I concur with the majority. The appellant was not denied his right to appeal. He was sanctioned under the salutary provisions of 42 Pa.C.S.A. § 2503(7) because the Commonwealth Court found his action dilatory. To my mind he is saved only because, as Mr. Justice Flaherty points out, his arguments rejected by the Commonwealth Court were never fully adjudicated by this Court. The right to appeal is constitutionally preserved. The duty to sanction the manifest abuse of that right must also be preserved.