552 A.2d 714

Commonwealth of Pennsylvania, Department of Environmental Resources and Elwood D. Yoder, Sherry Yoder, Bruce L. Yoder and Dorothy C. Yoder *v.* PBS Coals, Inc., and Fetterolf Mining, Inc. PBS Coals, Inc., Appellant.

Commonwealth of Pennsylvania, Department of Environmental Resources and Elwood D. Yoder, Sherry Yoder, and Bruce Yoder *v.* PBS Coals, Inc., and Fetterolf Mining, Inc. Fetterolf Mining, Inc., Appellant.

*John J. Dirienzo, Jr., Fike, Cascio & Boose,* for appellant, PBS Coals, Inc.

*Gilbert E. Caroff,* for appellant, Fetterolf Mining, Inc.

*Michael E. Arch,* Assistant Counsel, with him, *Ward T. Kelsey,* Assistant Counsel, for appellee, Commonwealth of Pennsylvania, Department of Environmental Resources.

*John E. Childe, Jr., Dice & Childe,* for appellees, Elwood D. Yoder, et al.

OPINION AND ORDER BY SENIOR JUDGE NARICK, December 6, 1988:

The Appellees' (Yoders') petition for reconsideration of this Court's order of March 22, 1988 denying their petition for attorney fees presents the narrow, straightforward issue of whether they are entitled to an award of costs and attorney fees from Appellants, PBS Coals, Inc. and Fetterolf Mining, Inc. based *only* on that portion of expenses incurred by them in their successful opposition to Appellants' appeal before this Court. The Appellees rely *solely* on the two statutes, upon which the equity action was brought by the Department of Environmental Resources (DER) against the Appellants, specifically the identical provisions which provide:

> The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including attorney and expert witness fees) to any party, whenever the court determines such award is appropriate. The court may, if a temporary restraining order or preliminary injunction is sought, require the fil-

ing of a bond or equivalent security in accord with the Rules of Civil Procedure.

Section 21(e) of the Surface Mining Conservation and Reclamation Act, (Mining Act), Act of May 31, 1945, P.L. 1198 *as amended,* 52 P.S. §1396.21(e); Section 601(g) of the Clean Streams Law (Streams Law), Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. §691.601(g). (Emphasis added).

Accordingly, we need not address herein the costs that go with the award pursuant to Pa. R.A.P. 2741, or pursuant to Pa. R.A.P. 2744 relating to frivolous appeals. Further, this Court, sitting as an appellate court, has no power under any statute or rule to award counsel fees for proceedings before the trial court. *Gossman v. Lower Chanceford Township Board of Supervisors,* 503 Pa. 392, 396, 469 A.2d 996, 998 (1983).

For the reasons set forth below, we deny the Appellees' petition for reconsideration of this Court's order of March 22, 1988, denying an award of attorney fees.

## PROCEDURAL BACKGROUND

This equity action was originally brought in the Somerset County Court of Common Pleas by the DER to compel Appellants to replace the polluted water supplies of seven households and a dairy farm in the village of Petersburg, Somerset County. The Appellees were granted permission to intervene as plaintiffs, and sought both replacement of their wells, and monetary damages. The suit was brought pursuant to the Streams Law and Mining Act.

---

[1] The DER advised this Court by letter dated April 14, 1988 that it is not a party to and therefore is neutral on the fee issue presented herein.

Following the trial, the chancellor issued an adjudication and decree nisi in favor of the DER and the Appellees. He held Appellants to be jointly and severally liable for the water contamination, and ordered them to provide the residents with permanent alternative water supplies, to implement a plan to prevent further pollution, and to pay damages to the Yoders. After the trial court entered its final decree on May 6, 1986, the Appellants appealed to this Court, which affirmed the trial court's final decree on December 15, 1987 in favor of the DER and Appellees.[2] On May 12, 1986, the Appellees filed a petition for attorney fees and costs with the trial court growing out of the action before that court, which the Appellees represent is pending for disposition by the trial court.

Upon consideration of Appellees' motion to this Court for an order compelling the Appellants to pay costs and attorney fees, this Court, by Senior Judge NARICK, filed its March 22, 1988 memorandum opinion and order denying the Appellees' motion for an award of attorney fees. In our said opinion, we stated in part: "We can find no authority which would allow an appellate court to address a petition for counsel fees such as the one before us." (p. 4) Thereafter, on April 4, 1988, the Appellees filed their petition for reconsideration of our order of March 22, 1988, which is now before us.

## DISCUSSION

In considering the issue herein we start with the basic proposition stated by our Supreme Court in *Gossman* at 396, 469 A.2d at 998:

An appellate court has no jurisdiction to award counsel fees generally. Its jurisdiction in

---

[2] The Pennsylvania Supreme Court denied the Appellants' request for allowance of appeal of this Court's December 15, 1987 decision on October 17, 1988.

such matters is carefully circumscribed by Pa. R. A. P. 2744, which serves the salutary purpose of insuring the right of appeal granted by Article V, Section 9 of our Pennsylvania Constitution. (Citation omitted.) Pa. R. A. P. 2744, which was amended effective July 20, 1985, provides, as relevant herein, as follows:

In addition to other costs allowable by *general rule* or *Act of Assembly, an appellate court may award as further costs* damages as may be just, including

(1) *a reasonable counsel fee* and

(2) damages for delay at the rate of 6% per annum in addition to legal interest, *if it determines that an appeal is frivolous* or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

(Emphasis added.)

As stated above, Appellees' application for counsel fees is not based on the Appellants' appeal allegedly being a frivolous appeal. Therefore, we address only the statutory provisions relied upon by the Appellees.

The Appellees predicate their claim for counsel fees on appeal before this Court on the Mining Act and the Streams Law provisions referred to above, which they contend applies to all courts within the Commonwealth and not only with the courts of original jurisdiction. We respectfully disagree and hold that the said statutes apply only to courts of original jurisdiction, including the Commonwealth Court or Superior Court, when sitting as courts of original jurisdiction.[3]

---

[3] In the Appellees' original application, attached thereto was a memorandum opinion of this Court, *Department of Environmental Resources v. York County Solid Waste and Refuse Authority* (No.

Appellees contend, referring to the language of the above-quoted sections, that the phrase "any *final order*" authorizes any court to award counsel fees. It is clear that the statutory provisions do not expressly authorize an award of counsel fees by an appellate court in appeals presented to it. The Appellees have presented no appellate court decision in which an appellate court has awarded attorney fees on appeals before it based on the subject statutes.

When called upon to interpret statutory provisions, we are guided by well established principles of statutory construction. *See* Statutory Construction Act of 1972, 1 Pa. C. S. §§1501-1991. "Every statute should be construed, if possible, to give effect to all of its provisions." 1 Pa. C. S. §1921(a); *see also Commonwealth v. Lobiondo,* 501 Pa. 599, 462 A.2d 662 (1983). We note that the sections of the Streams Law and Mining Act are necessarily interrelated, and should be read and construed in their entirety. Thus, we may look to other sections of the two statutes as an aid in construing Sections 21(e) of the Mining Act and 601(g) of the Streams Law. Section 601(a), (b), (c), and (g) of the Streams Law provide respectively, in part,

> (a) Any activity ... in violation of this act, shall be abatable. ... Suits to abate ... or suits to restrain or prevent any violation of this act may be instituted in equity or at law in the name of the Commonwealth relation of the Attorney General, ... any district attorney ... or ... solicitor of any municipality affected, after notice has first been served upon the Attorney General of

---

*Resources v. York County Solid Waste and Refuse Authority* (No. 1451 C.D. 1984, filed July 3, 1985) which does not support their claim because counsel fees were awarded under the same sections relied upon by the Appellees of the Streams Law in a case brought in our Court's original, not appellate, jurisdiction.

the intention of the district attorney or solicitor to so proceed. Such proceedings may be prosecuted in the *Commonwealth Court, or in the court of common pleas of the county where the activity has taken place* ... or the public is affected, and to that end jurisdiction is hereby conferred in law and equity upon such courts... .

(b) In cases where the circumstances require it ... *a mandatory preliminary injunction or special injunction may be issued* upon the terms prescribed by the court, notice of the application therefor having been given to the defendant in accordance with the rules of equity practice... .

(c)... [A]ny person having an interest which is or may be adversely affected may commence a *civil action* on his own behalf to compel compliance with this act or any rule, regulation, order or permit issued pursuant to this act against the department... or against any other person alleged to be in violation of any provision of this act or any rule, regulation, order or permit issued pursuant to this act. *Any other provision of law to the contrary notwithstanding, the courts of common pleas shall have jurisdiction of such actions,* and venue in such actions shall be as set forth in the Rules of Civil Procedure... .

(g)... The court may, *if a temporary restraining order or preliminary injunction is sought,* require the filing of a bond or equivalent security in accord with the Rules of Civil Procedure.

52 P.S. §691.601(a), (b), (c), (g). (Emphasis added.)

It is abundantly clear that the above provisions contemplate only actions for injunctive relief to abate public nuisance or violations of the statute, or alternatively, enforcement action brought by a party adversely affected by another's non-compliance with the statute in the

court of common pleas or with the Commonwealth Court in its original jurisdiction. Finally, the imposition of civil penalties is governed by Section 602 of the Streams Law, 35 P.S. §691.602, which may be assessed for violations of the Streams Law.

The Mining Act provisions, in substantial respect, are similar to the above Streams Law provisions. Section 21(a), 52 P.S. §1296.21(a), contemplates an enforcement action brought by a party having an interest who is adversely affected by another's non-compliance, including the DER, and provides, in part:

> Any other provision of law to the contrary notwithstanding, the *courts of common pleas* shall have jurisdiction of such actions, and venue in such actions shall be as set forth in the Rules of Civil Procedure concerning actions in assumpsit.

(Emphasis added.) Section 21(d) allows a plaintiff to seek injunctive relief for violations of the statute which constitute an imminent threat to the health or safety of the plaintiff, or immediately affect a legal interest of the plaintiff. Section 20, 52 P.S. §1396.20, expressly authorizes the Attorney General to enforce compliance or restrain violations by seeking injunctive relief.

Finally, nowhere do the subject statutes extend a right of action in courts other than the court of common pleas and in the original jurisdiction of an appellate court. Giving effect to all provisions of the Streams Law and the Mining Act, I can only conclude that "any final order in any action" is meant to refer to orders of the courts of common pleas or the appellate court in its original jurisdiction, which may award costs of litigation including attorney fees to any party.

Therefore, we deny the petition for attorney fees growing out of the appeal before this court, sitting as an appellate court.

ORDER

AND NOW, this 6th day of December, 1988, for the reasons set forth in the Memorandum Opinion, it is hereby ORDERED that the Appellees' petition for reconsideration for attorney fees is denied.