580 A.2d 466

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

Bruce ZURKA, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 1, 1990.

Decided Sept. 20, 1990.

Timothy P. Wile, Asst. Counsel-in-Charge, Appellate Section, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellant.

W. Russell Carmichael, Lang and Carmichael, for appellee.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the order of the Court of Common Pleas of Delaware County, entered October 18, 1989, which sustained Bruce Zurka's (Zurka) appeal of his license suspension. We reverse that order.

The history of this case is somewhat novel and unique. On June 29, 1985, Zurka was arrested for driving under the influence of alcohol or a controlled substance, in violation of Section 3731 of the Vehicle Code (Code), 75 Pa.C.S. § 3731. He pleaded *nolo contendere* to the charge on December 20, 1985 and a conviction was entered. DOT mailed notification to Zurka on January 29, 1986 that his operating privilege was being suspended for a period of one year pursuant to Section 1532(b) of the Code, 75 Pa.C.S. § 1532(b). Zurka appealed the suspension to the Court of Common Pleas of Delaware County. After a *de novo* hearing, Judge Louis Bloom entered an order on March 12, 1987 denying Zurka's appeal and reinstating the one year suspension.

Zurka filed post-trial motions seeking a new trial and/or a judgment notwithstanding the verdict on March 23, 1987. DOT mailed notification to Zurka, on June 11, 1987, that the one year suspension was being reinstated effective July 16, 1987. Then, on June 25, 1987, Judge Bloom granted Zurka's motion for a new trial and vacated his order of March 12, 1987.

A new *de novo* hearing was held before Judge John Diggins on November 21, 1988; an order was entered

November 23 which dismissed Zurka's appeal of license suspension. Zurka again filed post-trial motions seeking a new trial and/or judgment n.o.v. on December 5, 1988. Judge Diggins denied the post-trial motions on December 9, 1988. Zurka filed an appeal to this Court on December 19, 1988 but withdrew it on March 31, 1989. Thereafter, on October 5, 1989, Zurka filed a petition for restoration of operating privileges with the trial court. A hearing was held before Judge Harry Bradley on October 18, 1989. Despite the nature of the petition, Judge Bradley entered an order on that date which sustained the appeal of license suspension. It is from that order that DOT appeals to this Court.

DOT raises the following issues: (1) whether the trial court's order of June 25, 1987 granting Zurka's motion for a new trial was a nullity, since post-trial motions are not authorized in statutory appeals; (2) whether the trial court could properly sustain Zurka's appeal of his license suspension after that Court dismissed the same appeal by orders dated March 12, 1987 and November 23, 1988; (3) whether the trial court had the jurisdiction and authority to hear and grant Zurka's petition for restoration of operating privileges in the nature of a claim for credit against the one year suspension which had been re-imposed by DOT in 1987; and (4) whether Zurka's petition to the trial court for credit against his license suspension, where the law is clear that a common pleas court does not have jurisdiction over credit considerations, constitutes "bad faith" conduct within the meaning of 42 Pa.C.S. § 2503(9).

DOT argues first that the trial court's order on June 25, 1987 which vacated its March 12, 1987 order and granted a new trial is a nullity. We agree. Section 1550 of the Code, 75 Pa.C.S. § 1550, provides a right of appeal to the trial court in license suspension cases. Upon entry of the trial court's order, an appeal must be taken to this Court pursuant to Section 762(a)(3) of the Judicial Code, 42 Pa.C.S. § 762(a)(3), within thirty days. Pa.R.A.P. 903. The filing of post-trial motions pursuant to Pa.R.C.P. 227.1 is

available only in civil actions, not in statutory appeals. *Shaw v. Department of Transportation, Bureau of Driver Licensing,* 122 Pa.Commonwealth Ct. 636, 553 A.2d 108 (1989); *Pennsylvania Liquor Control Board v. Willow Grove Veterans Home Association, Inc.,* 97 Pa.Commonwealth Ct. 391, 509 A.2d 958 (1986).

In the present case, the trial court dismissed Zurka's first appeal of his suspension by order entered March 12, 1987. Rather than appeal to this Court, Zurka filed post-trial motions. The trial court's order of June 25, 1987 which granted a new trial and vacated the order which had dismissed Zurka's appeal was a nullity. Therefore, upon the passage of thirty days after the order which denied Zurka's appeal on March 12, 1987, the determination of suspension became final. All proceedings which followed that order are null.

■ We next consider the question of whether the trial court had authority to determine Zurka's petition for restoration of operating privileges. DOT had reinstated Zurka's suspension on July 16, 1987. Zurka testified at the October 18, 1989 hearing that he continued to drive until his license expired in October 1988. A group of letters exchanged between Zurka's attorney and DOT was admitted into evidence; they set forth that Zurka was unable to renew his auto insurance because his license was marked "suspended" and he was inquiring as to when the suspension period would end. A reply by DOT in a September 1989 letter stated that the suspension period would not start until Zurka submitted an affidavit acknowledging that he was aware his license was suspended, and that since he had failed to submit the affidavit no credit was yet issued against his suspension. Thereafter, Zurka filed the petition for restoration of operating privileges with the trial court on October 5, 1989.

DOT argues that Zurka's petition for restoration of operating privileges was, in effect, a claim for credit against his suspension. Zurka argues that the question of whether DOT's July 1987 suspension order applied in light of Judge

Bloom's grant of a new trial was clearly a question of law for the courts, not DOT, to decide. He argues that the matter before the trial court was not a determination of credit but rather a determination of the effective date of Zurka's license suspension.

The record before us does not clearly reveal if or when Zurka surrendered his license to DOT, however Zurka testified at the October 18, 1989 restoration hearing that the last time he drove was in September 1988. (N.T. p. 13) We may infer that Zurka retained possession of his license despite the June 1987 notice from DOT which directed him to surrender his license to DOT. Zurka's petition for restoration of operating privileges sets forth that his license and auto insurance expired October 1, 1988 and that he was unable to renew the insurance because of DOT's indication that the license was suspended. Because of that, Zurka ceased to drive.

We have held that, in an appeal of license suspension, the trial court does not have the authority to compute and grant credit toward a driver's suspension. *Department of Transportation, Bureau of Traffic Safety v. Yarbinitz*, 97 Pa. Commonwealth Ct. 169, 508 A.2d 641 (1986). We recognize that in the present case no claim for credit was brought at the time of the suspension appeal but that the petition for restoration of operating privileges was a separate and independent action, however we agree with DOT that the trial court lacked authority to determine this petition. Zurka's petition was in reality a petition for credit due to his refraining from driving during the period of time that he did not have a license because it was expired, not because he surrendered it to DOT, notwithstanding the fact that the trial court treated Zurka's petition as an appeal from the license suspension. We believe that DOT was the proper agency before which this claim for credit should have been brought. Thereafter, adding to the already existing complexity of Zurka's many court appearances, the trial court erred in issuing an order which sustained the appeal of

license suspension despite the fact that that was not before the court.

■ Finally, DOT maintains that a motorist's petition to a trial court for credit against a suspension order constitutes "bad faith" conduct within the meaning of 42 Pa.C.S. § 2503(9)[1] and urges this Court to issue a prospective warning that counsel fees will be awarded against such motorists in future cases. In support of its position, DOT cites *Cessna v. Department of Transportation, Bureau of Driver Licensing,* 130 Pa.Commonwealth Ct. 163, 567 A.2d 760 (1989) (DOT could recover appellate costs and attorney fees in driver's appeal from trial court's dismissal of suspension appeal which raised the issue of credit) and *In the Matter of Appeal of George,* 101 Pa.Commonwealth Ct. 241, 515 A.2d 1047 (1986) (driver's appeal of point-based license suspension determined to be frivolous but Commonwealth Court declined to remand for determination of delay damages and attorney's fees due to DOT because of its failure to request such action). Both *Cessna* and *George* involve the award of costs pursuant to Pa.R.A.P. 2744, which states:

> In addition to other costs allowable by general rule or Act of Assembly, an *appellate court* may award as further costs damages as may be just, including
>
> (1) a reasonable counsel fee and
>
> (2) damages for delay at the rate of 6% per annum in addition to legal interest,
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to

---

1. That section provides:
    § 2503. Right of participants to receive counsel fees
    The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

    .    .    .    .    .

    (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

the trial court to determine the amount of damages authorized by this rule. (Emphasis added.)

Rule 2744 specifically authorizes an appellate court to impose sanctions; such is not the case under 42 Pa.C.S. § 2503.

Our Supreme Court addressed the question of whether an appellate court can award counsel fees for proceedings below in *Gossman v. Lower Chanceford Township Bd. of Supervisors*, 503 Pa. 392, 469 A.2d 996 (1983). The appellant in *Gossman* had applied to the Commonwealth Court for further costs and damages, including counsel fees, after this Court had affirmed the trial court's decision to quash the appellee's appeal of a subdivision plan approval. This Court denied appellant's application for costs and fees and he took a direct appeal to the Supreme Court from that decision. The Supreme Court determined that no right of direct appeal from such an order exists, but treated the notice of appeal and the statement of questions as a petition for allocatur, which was granted, to decide whether the Commonwealth Court had abused its discretion in denying the application for costs and fees.

The Supreme Court held that this Court acted properly in denying the award of counsel fees and further costs, finding that an appellate court has no jurisdiction to award counsel fees generally, as its jurisdiction in such matters is carefully circumscribed by Pa.R.A.P. 2744. In addressing the appellant's claim that Commonwealth Court can award counsel fees under 42 Pa.C.S. § 2503(6), (7) or (9), the Supreme Court stated:

> [W]e note that Commonwealth Court, sitting as an appellate court, had no power under any statute or rule to award counsel fees for proceedings below.[3] With respect to counsel fees or "damages" an appellate court could properly award further costs only for vexatious or obdurate continuation of litigation through a frivolous appeal. Thus, Commonwealth Court acted properly in denying appellant's application.

[3] Common Pleas may, in an appropriate case, award counsel fees under 42 Pa.C.S. § 2503(6), (7), (8), or (9) for proceedings brought in that court. *See In Re Estate of Roos,* 305 Pa.Superior Ct. 86, 451 A.2d 255 (1982). In such cases, there is a right of appeal to the appropriate appellate court, Superior or Commonwealth Court.

*Gossman,* 503 Pa. at 398, 469 A.2d at 999. We therefore decline to issue the warning DOT seeks, as we determine that this Court has no authority to forecast what a trial court should or should not do in the proceedings before it.

Accordingly, we reverse the Order of the Court of Common Pleas of Delaware County and dismiss Zurka's petition for restoration of operating privileges.

## ORDER

AND NOW, this 20th day of September, 1990, the Order of the Court of Common Pleas of Delaware County, entered October 18, 1989, is reversed, and Bruce Zurka's petition for restoration of operating privileges is dismissed.