596 A.2d 287

**Guido SAMPAOLO and Rosalie Bucci Sampaolo, Appellants,**

v.

**CHELTENHAM TOWNSHIP ZONING HEARING BOARD and The Township of Cheltenham, Edward Gordon and Star Plumbing and Heating Company, Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 10, 1991.

Decided July 31, 1991.

512

Alfred O. Breinig, Jr., for appellants.

Richard A. Kessler, for appellees, Edward Gordon and Star Plumbing and Heating Co.

Before SMITH and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

PELLEGRINI, Judge.

Guido Sampaolo and Rosalie Bucci Sampaolo (Sampaolos) appeal from an Order of the Court of Common Pleas of Montgomery County, which awarded counsel fees and damages in the total amount of $22,850. to Intervenors Edward Gordon and Star Plumbing and Heating Company (Gordon), pursuant to an order of this court finding the Sampaolos' previous appeal frivolous.

The Sampaolos are adjacent landowners to property owned by Gordon in Cheltenham Township. Gordon purchased the property with the intention of subdividing the land into two lots and building one single-family residence on each of the lots. In early 1987, Gordon began construction of a residence on Lot 1, which was completed and sold in October of 1987. Gordon did not begin construction of the second residence on Lot 2 because the Sampaolos challenged the approval of the subdivision by the Planning Commission on the grounds that the intended placement of the house on the second lot, which was closest to their property, did not conform to the Cheltenham Township Zoning Ordinance. The approval was upheld by the Cheltenham Township Zoning Hearing Board (Board) after a public meeting.

The Sampaolos appealed the Board's decision to the Montgomery County Court of Common Pleas. Gordon intervened and filed with the trial court a Petition To Post Bond, requesting the trial court to order the Sampaolos to post a bond as a condition of proceeding with the appeal pursuant to Section 1008(4) of the Municipalities Planning Code (MPC), 53 P.S. § 11008(4), on the basis that the appeal was

frivolous and for the purpose of delay.[1]  After a hearing on the matter, the trial court determined that the appeal was frivolous and for the purpose of delay and ordered the Sampaolos to post a bond.  The Sampaolos failed to post the bond, and the trial court dismissed the Sampaolos' appeal from the approval of the subdivision.

The Sampaolos appealed the trial court's decision to this court, which affirmed the trial court's decision.  Gordon then filed a Motion for Counsel Fees and Delay Damages pursuant to Pa.R.A.P. 2744.  By order dated June 29, 1989, we remanded the matter to the trial court to determine the amount of counsel fees and damages to be awarded to Gordon.  After an evidentiary hearing was held, the trial court issued an order on April 30, 1990, awarding counsel fees and damages to Gordon in the total amount of $22,850.[2] The Sampaolos then filed a Motion for Post Trial Relief which was denied by the trial court by order dated October 2, 1990.  After judgment was entered on October 15, 1990, for $22,850, the Sampaolos filed the present appeal.

The issues now before us are whether this court should reconsider whether the Sampaolos' appeal was frivolous and

1.  Section 1008(4) of the MPC, Act of June 1, 1972, *as amended,* P.L. 333, formerly 53 P.S. § 11008(4), repealed by Section 100 of the MPC, Act of December 21, 1988, P.L. 1329, 53 P.S. § 11008(4).  A similar provision is now found in Section 1003–A of the MPC, 53 P.S. § 11003–A, which provides in pertinent part that if the appellants are persons who are seeking to prevent a use or development of the land of another, whether or not a stay is sought by them, the landowner whose use or development is in question may petition the court to order the appellants to post bond as a condition to proceeding with the appeal.  After the petition for posting a bond is presented, the court shall hold a hearing to determine if the filing of the appeal is frivolous.

2.  The breakdown of the counsel fees and damages awarded to Gordon is as follows:

| | |
|---|---|
| Legal Fees | $10,700.00 |
| Fixed Costs | 8,150.00 |
| Interest on lost profit | 2,700.00 |
| Interest @ 6% from 4/30/89 | 1,300.00 |
| | |
| TOTAL | $22,850.00 |

whether the trial court incorrectly calculated the counsel fees and damages which it awarded.

The Sampaolos first contend that pursuant to Pa.R.A.P. 2744, this court is not mandated to award counsel fees and damages for a frivolous appeal, but instead, is given the discretion to award counsel fees and damages. As such, the Sampaolos argue that we abused our discretion by awarding counsel fees and damages because their appeal was not frivolous.

The Sampaolos are correct in stating that an award of damages by an appellate court for a frivolous appeal is discretionary pursuant to Pa.R.A.P. 2744. Pa. R.A.P. 2744 provides the following:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court *may award as further costs damages as may be just,* including:
>
> (1) a reasonable counsel fee, and
>
> (2) damages for delay at the rate of 6% per annum in addition to legal interest,
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

We exercised that discretion, however, when we determined that their original appeal was frivolous and, as such, we will not disturb that decision because it is the "law of this case." *Roskwitalski v. Reiss,* 338 Pa.Superior Ct. 85, 487 A.2d 864 (1985), *allowance for appeal denied,* 514 Pa. 619, 521 A.2d 933 (1987).

The Sampaolos argue in the alternative that even if we properly found that their appeal was frivolous, the trial court should have considered mitigating factors before awarding counsel fees and damages, such as their ability to pay the damages and the purpose of their appeal, which

was to defend rights and not obtain commercial gain.[3] However, the trial court's award of counsel fees and damages was made pursuant to our previous opinion and order determining that the appeal was frivolous. Regarding an award of counsel fees for a frivolous appeal, the only consideration is whether the party who has been forced to defend against the frivolous appeal will be made whole by the award of counsel fees against his opponent, and not whether there are mitigating factors which would preclude the award. In *Appeal of Ciaffoni*, 136 Pa.Commonwealth Ct. 645, 650, 584 A.2d 410, 413 (1990), we stated the following regarding counsel fees awarded pursuant to Pa.R.A.P. 2744:

> Rule 2744 authorizes counsel fees as costs, including counsel fees "as may be just", to penalize a party for a frivolous appeal and to compensate his adversary for costs and delay in defending the frivolous appeal. Rule 2744 should be applied in such a way that the party awarded a fee as a result of a frivolous appeal should be "made whole" for all consequences of his adversary's frivolous conduct.... [F]ees are awarded against a party filing a frivolous appeal because of that party's abuse of the court process, which, in addition to having his adversary expend time and money defending the appeal, wastes the court's time and effort.

Thus, the trial court did not err by failing to consider mitigating factors before awarding counsel fees pursuant to our order.

**3.** The Sampaolos also argue that before awarding counsel fees the trial court should have considered any profit Gordon would have made on the sale of the residence on Lot 2 and off-set the award of counsel fees against that profit. However, as was stated in *Schiff v. Simon & Schuster, Incorporated*, 766 F.2d 61, 62 (2d Cir.1985), "Damages awarded for a frivolous appeal are not part of a running account between a vexatious litigant and his adversary, to be balanced out if and when the vexatious litigation runs its course. They are sums to be paid promptly upon imposition as a penalty for having taken a frivolous appeal." Therefore, the trial court did not need to consider whether any profit made on the sale of the residence on Lot 2 should have off-set an award of counsel fees.

■ The same rationale applies to damages for delay under Pa.R.A.P. 2744, which is similar to an award of damages for delay under Pa.R.C.P. No. 238.[4] Under Pa. R.C.P. No. 238, damages for delay are awarded to compensate a party for the delay in settlement of the case, i.e., for the money he would have earned on his award had he been promptly paid and does not consider a party's ability to pay damages awarded against him. Because damages for delay under Pa.R.A.P. 2744 are similar to damages for delay under Pa.R.C.P. No. 238, Pa.R.A.P. 2744 also does not require a trial court to determine a party's ability to pay delay damages awarded against him for a frivolous appeal before awarding such damages.

■ The Sampaolos next contend that the trial court erred in its calculation of counsel fees awarded against them because the trial court awarded counsel fees for the period of August 19, 1987, the date of the Sampaolos' appeal to the trial court from the Zoning Hearing Board's decision, through April 30, 1989, the date this court dismissed their appeal.[5] Instead, the Sampaolos argue that on the basis of our finding a frivolous appeal, counsel fees should have only been awarded for the duration of their appeal to this court pursuant to Pa.R.A.P. 2744.

Our Supreme Court specifically addressed the issue of whether an appellate court may award counsel fees and

4. Pa.R.C.P. No. 238(a) provides in pertinent part that at the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff. In *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 59, 436 A.2d 147, 151 (1981), our Supreme Court stated that Rule 238 serves to compensate the plaintiff for the inability to utilize funds rightfully due him, but the basic aim of the rule is to alleviate delay in the disposition in the courts. Accordingly, damages for delay under Pa.R.A.P. 2744 do not include damages incurred as a result of a change in the marketplace due to project delays resulting from litigation.

5. The date of our opinion dismissing the Sampaolos' appeal is actually March 30, 1989. However, the trial court added thirty days for the appeal period to that date in determining the date we dismissed that appeal.

damages for proceedings not involved with the frivolous appeal in *Gossman v. Lower Chanceford Township Board of Supervisors*, 503 Pa. 392, 469 A.2d 996 (1983). In *Gossman*, the appellant applied to this court for an award of further costs for a frivolous appeal, including counsel fees incurred by him in both the trial court and our court, after we had affirmed the trial court's decision to quash the appellee's appeal of a subdivision plan approval. We denied appellant's application and he directly appealed our decision to our Supreme Court. Our Supreme Court determined that no right of direct appeal from such an order existed, but treated the notice of appeal and the statement of questions as a petition for allocator, which was granted, to decide whether we had abused our discretion in denying the application for further costs. In determining that we had properly denied the award of damages, our Supreme Court stated the following:

> [W]e note that the Commonwealth Court, sitting as an appellate court, had no power under any statute or rule to award counsel fees for proceedings below. With respect to counsel fees or "damages", an appellate court could properly award further costs only for vexatious or obdurate continuation of litigation through a frivolous appeal.

*Gossman*, 503 Pa. at 398, 469 A.2d at 999.

Therefore, we find that the trial court erred in awarding counsel fees for the period of August 19, 1987 through April 30, 1989, because that time period erroneously included the Sampaolos' appeal to the trial court from the Zoning Hearing Board's decision.

The Sampaolos also contend that the total amount of delay damages awarded to Gordon was incorrect because the trial court improperly included a $10,000 engineering fee in land development costs upon which the fixed costs were computed, and miscalculated the award of interest on lost profits.[6] While we agree with the Sampaolos that the

6. The "fixed costs," which were actually the amount of interest on money Gordon had already paid out for development of Lot 2, were computed by the trial court as follows:

trial court should not have awarded those damages, we do so not for the reasons they suggest, but instead, because the trial court was without jurisdiction to do so. The trial court did not award "delay damages" as a consequence of the Sampaolos' frivolous appeal as authorized by Pa.R.A.P. 2744, but instead, awarded damages which included the "fixed costs" or interest on the money tied up by the delay in development of Gordon's property (i.e., money Gordon had already paid out on the project for land acquisition, tree removal, engineering, surveying and financing) and interest on lost profits.[7] Although Pa.R.A.P. 2744 permits the court to award *as further costs* "damages as may be just", the trial court only has jurisdiction to award the damages directly attributable to the cost of defending against the frivolous appeal, not costs that may be incurred as a result of a party not continuing with an undertaking because of the uncertainty that an appeal, no matter how frivolous, may engender. Because the trial court awarded damages in the form of fixed costs and interest on lost profits against the Sampaolos which are not authorized by Pa. R.A.P. 2744, we must reverse its decision as to those

| | |
|---|---|
| Land Acquisition | $60,000 |
| Tree Removal | 12,000 |
| Excavating | 15,000 |
| Engineering/Survey | 10,000 |
| | |
| TOTAL | $97,000 |

The trial court then determined that Lot 1 should be allocated 65% of all costs and that Lot 2, the property involved in this dispute, should be allocated 35% of all costs. Thus, the trial court took 35% of $97,000 and arrived at a figure of $38,000. Then the trial court took 12% of $38,000, which was the amount of interest on the construction loan, and multiplied that amount by two years. The result of that calculation was the total fixed costs awarded against

7. Apparently, Gordon also believed that he could be awarded damages for delay in the development of his property because he stated in his Motion for Counsel Fees and Delay Damages, "In addition to the expenses associated with the delay of the development of their land, Gordon and Star were caused to retain legal counsel to represent them in this matter."

damages.[8]

Consequently, the trial court's order dated April 30, 1990, awarding counsel fees and damages in the amount of $21,850, is reversed. We remand this case to the trial court only for the purposes of recalculating counsel fees consistent with the holding of this opinion.

## ORDER

AND NOW, this 31st day of July, 1991, the order of the Court of Common Pleas of Montgomery County, dated April 30, 1990, is reversed. The case is remanded to the trial court only for the purposes of recalculating counsel fees consistent with the holding of this opinion. Jurisdiction is relinquished.

---

**8.** Moreover, pursuant to Fed.R.App.P. 38, entitled "Damages for Delay", if a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee. In *Sun–Tek Industries, Inc. v. Kennedy Sky–Lites, Inc.,* 865 F.2d 1254, 1255 (Fed.Cir.1989), the United States Court of Appeals defined "damages" under Rule 38 to include attorney's fees and costs actually incurred as the measure of the damages the appellee actually suffered in defending against a frivolous appeal.